UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:

THE WORTH COLLECTION, LTD.,                      Misc. Case No. _____

     Debtor.

_____/

## MOTION TO QUASH SUPPLEMENTAL DISCOVERY

New Water Capital, L.P., Worth Investment Holdings, LLC, Worth Collection Intermediate Holdings, LLC, and NWC Worth Collection Holdings, LLC (collectively, "**Movants**"), pursuant to Local Rule 7.1, move for entry of an Order quashing "supplemental" discovery served on them by Bankruptcy Trustee Douglas T. Tabachnik (the "**Trustee**"), and state:

### Background

1.    On October 24, 2022, the Trustee served a Subpoena issued from the United States Bankruptcy Court for the District of Delaware on New Water Capital, L.P. (the "**Initial Subpoena**"). **Exhibit A**.

2.    On January 19, 2023, the Trustee served Subpoenas issued from the United States Bankruptcy Court for the District of Delaware on Worth Investment Holdings, LLC, Worth Collection Intermediate Holdings, LLC, and NWC Worth Collection Holdings, LLC (the "**Subsequent Subpoenas**"). **Composite Exhibit B**.

3.    The Initial and Subsequent Subpoenas were issued via Rule 45 subpoenas and pursuant to Fed. R. Bankr. P. 2004. *See* **Exhibit A**; **Composite Exhibit B**; and **Exhibit C** (Order of Delaware Bankruptcy Court authorizing discovery on non-debtor parties, including New Water Capital, L.P., but not the other Movants, pursuant to Fed. R. Bankr. P 2004).

11973887-1

4.      Since service of the Initial and Subsequent Subpoenas, counsel for the Movants and the Trustee have been engaging in efforts to narrow the scope of the discovery (documents) sought by the Trustee in those Subpoenas.

5.      While these discussions were ongoing, on February 17, 2023, the Trustee served what appear to be four (4) identical sets of requests for production of documents and interrogatories on each of the Movants. **Composite Exhibit D**. The discovery is styled as "Supplemental," and was not issued through Subpoenas like the Initial and Subsequent Subpoenas.

## Argument

6.      The Order of the Delaware Bankruptcy Court attached hereto as **Exhibit C** and attached to each of the Initial and Subsequent Subpoenas only authorized the Trustee to serve Rule 2004 discovery on New Water Capital, L.P. Accordingly, the "supplemental" discovery served on Worth Investment Holdings, LLC, Worth Collection Intermediate Holdings, LLC, and NWC Worth Collection Holdings, LLC is due to be quashed.

7.      Bankruptcy Rule 2004(c) only authorizes oral examinations and production of documents. Fed. R. Bankr. P. 2004(c) (entitled "Compelling Attendance and Production of Documents"). Accordingly, Bankruptcy Rule 2004(c) serves as an independent basis upon which this Court can and should quash the "supplemental" Interrogatories served on each of the Movants.

8.      Rule 2004 discovery is supposed to be issued via Subpoenas. *See* Fed. R. Bankr. P. 2004(c) (oral examinations and production of documents "maybe compelled as provided in [Bankruptcy] Rule 9016….). Bankruptcy Rue 9016 incorporates Fed. R. Civ. P. 45. *See* Fed. R. Bankr. P. 9016. ("Rule 45 F.R.Civ.P. applies in cases under the [Bankruptcy] Code."). Accordingly, the "supplemental" discovery, none of which was issued via Subpoena, is due to be quashed.

9.      Because the "supplemental" discovery is premised upon or arises from the Initial and Subsequent Subpoenas, then that "supplemental" discovery is due to be quashed because it (like the Initial and Subsequent Subpoenas) was issued beyond the Delaware Bankruptcy Court's subpoena power as the place of compliance is in the Southern District of Florida. *See* Fed. R. Civ. P. 45(d)(3)(A)(ii) (on timely motion district court for the district where compliance is required must quash a subpoena that requires a person to comply beyond the geographical limits specified in Rule 45(c))[1]; *see also Grippa v. Rubin*, No. 4:20cv457-MW/MAF, 2022 WL 1624808, at *1 (N.D. Fla. Feb. 22, 2022) ("[T]he subpoenas must be quashed given their noncompliance with the geographical restrictions imposed by Rule 45(c)(2)(A) ....") (quoting *Metro. Life Ins. Co. v. Liebowitz*, No. 20-25165-MC-GRAHAM, 2020 U.S. Dist. LEXIS 242092, at *3 (S.D. Fla. 2020)); *Arrowhead Cap. Fin., Ltd. v. Seven Arts Ent., Inc.*, No. 14 CIV. 6512 (KPF), 2021 WL 411379, at *2 (S.D.N.Y. Feb. 5, 2021) ("The purpose of this requirement is to protect non-parties subject to subpoenas from the burdens of litigating in the issuing district rather than in their home district and to ensure that the court adjudicating a subpoena dispute has personal jurisdiction over the non-party.") (citing Fed. R. Civ. P. 45 advisory committee notes) (additional citations omitted).

### Local Rule 7.1(a)(3) Certification

10.      Undersigned counsel certifies that he has made reasonable efforts to confer with counsel for the Trustee before filing this Motion but has been unable to do so. Specifically, undersigned counsel spoke on the phone with Maria Sawczuk, one of the attorneys representing the Trustee, shortly before 5:00 p.m. on March 3, 2023, who advised she was not the right attorney with whom undersigned should meet and confer. Ms. Sawczuk requested that undersigned counsel

---

[1] This Motion is timely as filed fourteen (14) days after service of the "supplemental" discovery by the Trustee on February 17, 2023 for which responses were due twenty (20) days later. *See* Fed. R. Civ. P. 45(d)(2)(B).

text or email undersigned counsel's contact number for a return call. Undersigned counsel emailed Ms. Sawczuk at 5:12 p.m. with undersigned counsel's office and mobile numbers, and then at 5:13 p.m. sent a follow-up email advising that the mobile number was preferable. Undersigned counsel did not file this Motion until approximately 11:20 p.m. Undersigned counsel will file a supplemental Local Rule 7.1(a)(3) certification after conferring with the appropriate attorney representing the Trustee.

Dated:  March 3, 2023

BERGER SINGERMAN LLP
*Attorneys for New Water Capital, L.P.,
Worth Investment Holdings, LLC, Worth
Collection Intermediate Holdings, LLC, and
NWC Worth Collection Holdings, LLC*
1450 Brickell Avenue, Ste. 1900
Miami, FL 33131
Telephone: (305) 755-9500
Facsimile:  (305) 714-4340

By: */s/ Paul A. Avron*
     Paul Steven Singerman
     Florida Bar No. 378860
     singerman@bergersingerman.com
     Paul A. Avron
     Florida Bar No. 50814
     pavron@bergersingerman.com

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that a correct of the foregoing has been served via electronic mail upon Daniel C. Curth, Esq. (danc@goldmclaw.com), Amrit S. Kapai, Esq. (amritk@goldmclaw.com), Harley J. Goldstein, Esq. (harleyg@goldmclaw.com); Maria April Sawczuk, Esq. (marias@goldmclaw@.com), Steven Yachik, Esq. (steveny@goldmclaw.com), Goldstein & McClintock LLLP, *Attorneys for Trustee Douglas T. Tabachnik*, 111 W. Washington Street, Ste. 1221, Chicago, IL  60602 on this 3rd day of March, 2023.

*/s/ Paul A. Avron*
Paul A. Avron

**EXHIBIT A**

# UNITED STATES BANKRUPTCY COURT

District of Delaware

In re:  The Worth Collection, Ltd.                          Case No.  20-10337 (BLS)

                        Debtor                              Chapter_____7_____

## SUBPOENA FOR RULE 2004 EXAMINATION

To:  New Water Capital, L.P., c/o Paul Singerman & Robin Rubens

☒ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure and Local Rule 2004-1.

| **PLACE** | **DATE AND TIME** |
|---|---|
| Remotely via Zoom: | November 16, 2022 at 1:00 pm CT |
| Meeting ID - 883 0122 4041 | |
| Password - 702543 | |

The examination will be recorded by this method:  _____Remote Court Reporter_____

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

**See Document Rider annexed hereto.**

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached: (i) Rule 45(c), relating to the place of compliance; (ii) Rule 45(d), relating to your protection as a person subject to a subpoena; and (iii) Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Dated:  October 24, 2022          CLERK OF COURT

                                        OR

_____                  */s/ Maria Aprile Sawczuk_____*
Signature of Clerk or Deputy Clerk          Attorney's Signature

The name, address, email address, and telephone number of the attorney representing Douglas T. Tabachnik, not individually but solely in his capacity as the chapter 7 trustee appointed in the above-captioned case, who issues or requests this subpoena, are

Maria Aprile Sawczuk, Esq.
Goldstein & McClintock LLLP
501 Silverside Road, Suite 65
Wilmington, DE 19809
Telephone:  (302) 444-6710
Email:  marias@goldmclaw.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

**PROOF OF SERVICE**
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for (name of individual and title, if any): _____

on (date) _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on (date) _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
Server's signature

_____
Printed name and title

_____
Server's address

Additional information concerning attempted service, etc.:

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) *Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
   (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or

      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

**For Access to Subpoena Materials**
Fed. R. Civ. P. 45(a) Committee Note (2013)
• Parties desiring access to information produced in response to this subpoena will need to follow up with the party serving the subpoena to obtain such access.
• The party serving the subpoena should make reasonable provisions for prompt access.
• The court for the district where compliance with the subpoena is required has authority to order notice of receipt of produced materials or access to them.

## DOCUMENT REQUEST RIDER TO NEW WATER (AS DEFINED HEREIN)

### I.   Instructions

(i)     You shall produce all documents described (and herein defined), including all originals, duplicates, drafts, and non-identical copies unless specifically instructed otherwise.

(ii)     Plural/Singular.  In interpreting these requests, all references to the singular shall include the plural and references to the plural shall include the singular.

(iii)     Duty to Preserve Documents.  The Trustee formally requests that New Water take all necessary steps to preserve information and documents relevant to these subjects of these requests, which include, without limitation, the financial affairs and business operations of the Debtor.  Specifically, the Trustee hereby demands that New Water preserve any and all documents, writings, and Electronically Stored Information ("ESI") that may be relevant to the business operations of the Debtor and the historical data related to the payment of its accounts payable for the four years prior the Petition Date.  Such information includes, without limitation, electronic data contained in New Water's storage records, devices, computers, and other electronic storage devices (copiers, laptops, cellphones, etc.) at its place of business and where otherwise located. New Water shall immediately take steps to preserve and retain such information.  Compliance with this request is essential, as paper printouts of text contained in electronic files do not completely reflect all information contained within the file. The evidence required to be preserved includes electronic "metadata," such as tracked changes, revision histories, authorship, deletions, and similar information related to documents and electronic files.  New Water's preservation obligations extend to all electronic processing systems, even if they are replaced.  This includes computer servers, stand-alone personal computers, hard drives, laptops, PDAs, text messaging, instant messaging, scanner or copier, and other electronic processing devices, such as jump drives. The duty to preserve such evidence may require New Water to refrain from operating (or removing or altering fixed or external hard drives and any removable storage media connected thereto) personal computers, network workstations, notebook and/or laptop computers if to do so might compromise data and information.  The duty to preserve such evidence also may require New Water retain and preserve any backup media or other storage media, whether online or offline, and refrain from overwriting or deleting information contained thereon, which may contain electronic data identified herein.

(iv)     Lost or Destroyed Documents.  If any documents requested herein have been lost, discarded, or destroyed, the document so lost, discarded, or destroyed should be identified as completely as possible, including without limitation the following information:  date of disposal, manner of disposal, reason of disposal, person authorizing the disposal, and person disposing of the document.

(v)     Lack of Custody.  If you claim any document herein requested is not in your possession, custody, or control, then you are directed to identify (a) the nature of the document, (b) the name, address, and telephone number of any person who has, or may have, possession, custody, or control of such demanded item, and (c) whether and how you presently have access to the document and can obtain a duplicate of it.

(vi)  <u>Selection and Production of Documents</u>.  The selection of documents from files and other sources shall be performed in such a manner as to ensure that the file or other source from which a document is obtained may be identified.  Any and all responsive data or information that exists in electronic or magnetic form must be produced.  Such information should be produced as load files and in a readable form in Microsoft Outlook, Word and/or Excel native format, produced on computer or magnetic disk, or in whatever other native format it is kept in the usual course of business, along with the codes, programs and/or programming instructions, and other materials necessary to use and access the magnetic or electronic data or information.

(vii)  <u>Separation of Documents</u>.  Documents attached to other documents or other materials shall not be separated unless sufficient records are kept to permit reconstruction of the grouping.

## II.  Definitions

A.  "<u>LBO Transaction</u>" shall mean the acquisition of the Debtor on or around October 4, 2016 by an affiliate of New Water.

B.  "<u>And</u>" and "<u>or</u>" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.

C.  "<u>Chapter 7 Case</u>" means the chapter 7 bankruptcy case captioned as *In re The Worth Collection Ltd.*, Case No. 20-10337, currently pending before the U.S. Bankruptcy Court for the District of Delaware.

D.  "<u>Communication</u>" or "<u>communications</u>" means any contact or act by which any information or knowledge is transmitted or conveyed between two or more persons or entities, and shall include, without limitation, written contact by such means as letters, memoranda, telegrams, telex, electronic mail, text message, or by any document, and oral contact by such means as face-to-face meetings and telephone conversations.

E.  "<u>Debtor</u>" means The Worth Collection Ltd., a Delaware corporation, who is the subject of the Chapter 7 Case, and its divisions, departments, and other corporate subdivisions, its domestic and foreign subsidiaries and affiliates (specifically including any special purpose vehicles), its predecessors in interest, its present or former officials, executives, officers, partners, directors, members, employees, agents and all other persons acting or purporting to act on behalf of the entity, its subsidiaries, officers or predecessors, including all past or present employees exercising discretion, making policy, and making decisions or participating in any of the foregoing functions.

F.  "<u>Debtor Affiliates</u>" shall include any entity affiliated with or related to the Debtor including, but not limited to, Worth Collection Intermediate Holdings, LLC; Worth Investment Holding, LLC; The Worth Collection Holdings, LLC; NWC Worth Holdings, LLC; and NWC Worth Collection Holdings, LLC.

G.  "<u>Document</u>" is used in the broadest possible sense and includes, but is not limited to, the following items (and each draft and non-identical copy thereof): writings; recordings; photographs; financial statements; agreements; communications, including intra-company

communications; correspondence; telegrams; cables; memoranda; records; books; summaries of records of personal conversations of interviews; diaries; forecasts; statistical statements; accounts; workpapers; graphs; charts; maps; diagrams; blueprints; tables; indexes; pictures; tapes; microfilms; charges; analytical records; minutes of records of meetings or conferences; reports and/or summaries of interviews; reports and/or summaries of investigations; opinions or reports of consultants; appraisals; records, reports, or summaries of negotiations; brochures; pamphlets; circulars; trade letters; press releases; contracts; stenographic, handwritten or any other notes; projections; working papers; checks, front and back; check stubs or receipts; invoice vouchers; data tapes and sheets, data processing cards or discs, or any other computer-related data compilation; any other written, recorded, transcribed, punched, taped, filmed, or graphic matter, however produced or reproduced; and any other written documents or writings of whatever description including, but not limited to, any information contained in any computer although not yet printed out, within the possession, custody, or control of you, or of any agent, employee (including without limitation, attorneys, accountants and investment bankers or advisors), or other person acting on your behalf.

H.      "Draft" includes, but is not limited to, any preliminary form of any document, or any copy bearing notations, marks, or matter not found on the original of, any document.

I.      "Duplicate" or "copy" means a counterpart or replica produced by the same impression as the original, or from the same matrix, or by means of photography, including enlargements and miniatures, xerography, or comparable process, or by mechanical or electronic re-recording, or by chemical reproduction, or by other equivalent techniques that accurately reproduce the original.

J.      "Including" shall be construed to include the phrase "without limitation."

K.      "Insider" shall have the meaning ascribed to it in 11 U.S.C. § 101(31).

L.      "MCA" shall mean MCA Financial Group and its divisions, departments, and other corporate subdivisions, its domestic and foreign subsidiaries and affiliates (specifically including any special purpose vehicles), its predecessors in interest, its present or former officials, executives, officers, partners, directors, members, employees, agents and all other persons acting or purporting to act on behalf of the entity, its subsidiaries, officers or predecessors, including all past or present employees exercising discretion, making policy, and making decisions or participating in any of the foregoing functions.

M.      "MidCap" means MidCap Funding IV Trust and its divisions, departments, and other corporate subdivisions, its domestic and foreign subsidiaries and affiliates (specifically including any special purpose vehicles), its predecessors in interest, its present or former officials, executives, officers, partners, directors, members, employees, agents and all other persons acting or purporting to act on behalf of the entity, its subsidiaries, officers or predecessors, including all past or present employees exercising discretion, making policy, and making decisions or participating in any of the foregoing functions.

N.      "Monroe" means Monroe Capital Management Advisors LLC and its divisions, departments, and other corporate subdivisions, its domestic and foreign subsidiaries and affiliates

(specifically including any special purpose vehicles), its predecessors in interest, its present or former officials, executives, officers, partners, directors, members, employees, agents and all other persons acting or purporting to act on behalf of the entity, its subsidiaries, officers or predecessors, including all past or present employees exercising discretion, making policy, and making decisions or participating in any of the foregoing functions.

O.    "New Water" means New Water Capital L.P. and its divisions, departments, and other corporate subdivisions, its domestic and foreign subsidiaries and affiliates (specifically including any special purpose vehicles), its predecessors in interest, its present or former officials, executives, officers, partners, directors, employees, agents and all other persons acting or purporting to act on behalf of the entity, its subsidiaries, officers or predecessors, including all past or present employees exercising discretion, making policy, and making decisions or participating in any of the foregoing functions.

P.    "Original" when referring to a writing or recording means the writing or recording itself or any counterpart intended to have the same effect by a person executing or issuing it. An "original" of a photograph includes the negative or any print made therefrom. If data is stored in a computer or similar device, any printout or other output readable by sight, and shown to reflect the data accurately, is an "original."

Q.    "Person" means any individual, firm, partnership, limited partnership, joint venture, limited liability company, corporation, d/b/a ("doing business as"), association, company, trust, or any other legal, government or business entity.

R.    "Possession, custody, or control" includes actual possession, but also includes constructive possession, whereby the party to whom this Request is directed has the right to compel the production of a matter or documents from a third party (including an agency, authority, or representative).

S.    "Refer to," "relate to," "reflect," or "concern" means concerning, referring to, alluding to, responding to, connecting with, commenting on, in respect of, about, regarding, discussing, showing, describing, mentioning, reflecting, analyzing, constituting, evidencing, identifying, or in any way pertinent to that certain subject.

T.    "Trustee" means Douglas T. Tabachnik, solely in his capacity as the chapter 7 trustee appointed to administer the Debtor's bankruptcy estate in the Chapter 7 Case.

U.    "Writings" and "Recordings" means words, numbers or their equivalent, set down by handwriting, typewriting, printing, photographing, mechanical, or electronic recording, or any other form of data production, reproductions, or compilations.

## III.    Document Requests

1.    A list of all entities, affiliates (specifically including any special purpose vehicles), subsidiaries, and/or sister companies related to New Water.

2.    Any and all documents in New Water's possession concerning, referencing, or relating to the LBO Transaction.

3.      An accounting of all transactions between New Water and the Debtor during the time period beginning on February 14, 2018 up through and including March 24, 2021.

4.      An accounting of all transactions between New Water and the Debtor Affiliates during the time period beginning on February 14, 2018 up through and including March 24, 2021.

5.      Any and all communications between New Water and MCA relating to the Debtor and its affiliated entities.

6.      Any and all documents in New Water's possession that concern, reference, or relate to the Debtor's ability to pay its trade vendors.

7.      Any and all documents in New Water's possession that concern, reference, or relate to the Debtor or Debtor Affiliates.

8.      All communications regarding the selection of MCA as a consultant for the Debtor.

9.      All communications between New Water and the Debtor in any way relating to the selection of a consultant for the Debtor.

10.      All communications between New Water and the Debtor in any way relating to LBO Transaction.

11.      All communications relating to the Chapter 7 Case.

12.      All communications between New Water and Klehr Harrison Harvey Branzburg LLP (the Debtor's former counsel) regarding the Debtor or the Chapter 7 Case.

13.      All communications between New Water and Monroe in any way relating to the commercial lending relationships between MidCap, Monroe, and the Debtor (including, but not limited to, any such correspondence relating to the Chapter 7 Case).

14.      All communications between New Water and MidCap in any way relating to the commercial lending relationships between MidCap, Monroe, and the Debtor (including, but not limited to, any such correspondence relating to the Chapter 7 Case).

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| THE WORTH COLLECTION, LTD., | ) | Case No. 20-10337 (BLS) |
| | ) | |
| Debtor. | ) | Related to Docket Nos. 133, 134, 144, |
| | ) | 145, and 149 |

### ORDER GRANTING MOTION OF THE CHAPTER 7 TRUSTEE FOR ENTRY OF AN ORDER AUTHORIZING DISCOVERY ON NON-DEBTOR PARTIES PURSUANT TO FED. R. BANKR. P. 2004

Upon the motion (the "*Motion*")[1] of the Trustee for entry of an order authorizing discovery on non-debtor parties pursuant to Fed. R. Bankr. P. 2004; the Court having reviewed the Motion and it appearing that the relief granted herein is in the best interests of the Debtor's estate, its creditors, and other parties in interest; the Court finding that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, that this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), that venue of this proceeding is proper pursuant to 28 U.S.C. §§ 1408 and 1409, and that notice of this Motion was appropriate and sufficient under the particular circumstances and that no other or further notice need be given; and that Klehr Harrison Harvey Branzburg LLP, MidCap Funding IV Trust, and MCA Financial Group (collectively, the "*Conferring Parties*") have each agreed to voluntarily cooperate with the Motion and to engage in good faith negotiations to the extent any disagreement with the Trustee arises; and accordingly, and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT**:

1.      The Motion is GRANTED, and the Trustee is authorized to engage in discovery in accordance with the Motion; provided, however:

---

[1]     Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

(a)     The Motion shall be continued to the hearing currently scheduled before this Court on October 26, 2022 at 9:00 a.m. (Eastern time) solely as to the Conferring Parties, and that the remainder of this Order shall not apply to the Conferring Parties; and

(b)     the Trustee is hereby permitted to issue a subpoena for documents and deposition testimony to New Water Capital, L.P. ("*New Water*"), and both the Trustee and New Water reserve all of their rights and defenses under applicable law, the Federal Rules of Civil Procedures, the Federal Rules of Bankruptcy Procedure, and any applicable local rules and decisional authority with regard to such subpoena (as well as with regard to any and all other matters).  Except as expressly set forth in paragraph 1(b) of this Order, the Motion is withdrawn as to New Water without prejudice.

2.     Within twenty (20) days following the receipt of any subpoena issued pursuant to this Order, the recipient of such subpoena shall produce the documents requested for inspection and copying, and shall deliver such documents to:

> Maria Aprile Sawczuk, Esq.
> Goldstein & McClintock LLLP
> 501 Silverside Road, Suite 65
> Wilmington, Delaware 19809
> marias@goldmclaw.com

or, if an agreement is reached between counsel for the Trustee and such party, production is ordered at such other time and place as may be agreed upon.

3.     If any recipient of subpoena issued pursuant to this Order withholds any documents based on a claim of privilege, such party shall provide counsel for the Trustee with a privilege log containing the information required under Bankruptcy Rule 9016 and Rule 45(e)(2) of the Federal Rules of Civil Procedure at the time and place of production.

4.     Within twenty (20) days following the receipt of any subpoena issued pursuant to this Order, the recipient of such subpoena shall appear (if the applicable party is an individual), or

3

cause a representative who consents to testify on such corporate party's behalf and who is most able to answer questions regarding the matters therein, for examination at the date and time indicated on the subpoena, at the address specified in paragraph 2 of this Order, or via electronic means, or, if an agreement is reached between counsel for the Trustee and such party, at such other time and place as may be agreed upon, with any such examination continuing from day-to-day until completed.

5.     Other forms of discovery which are ordinarily permitted by the Federal Rules of Civil Procedure or the Federal Rules of Bankruptcy Procedure issued by the Trustee shall be governed by the same time period and procedure set forth with regard to document requests and depositions above.

6.     The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

7.     This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

**Dated: October 13th, 2022**
**Wilmington, Delaware**

**BRENDAN L. SHANNON**
**UNITED STATES BANKRUPTCY JUDGE**

**<u>COMPOSITE EXHIBIT B</u>**

# UNITED STATES BANKRUPTCY COURT

District of Delaware

In re:  The Worth Collection, Ltd.                              Case No.  20-10337 (BLS)

Debtor

Chapter_____7_____

## SUBPOENA FOR RULE 2004 EXAMINATION

To:  NWC Worth Collection Holdings, LLC ("*NWC Worth*") c/o:

- If dissolved or cancelled: New Water Capital Partners, L.P., The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801, the sole member of NWC Worth

- If not dissolved or cancelled: NWC Worth Collection Holdings, LLC, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801

☒ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure and Local Rule 2004-1.

| **PLACE** | **DATE AND TIME** |
|---|---|
| Meeting ID: 840 0966 4459 Passcode: 719800 | February 20, 2023 9:30 a.m. CT |

The examination will be recorded by this method: _____Court Reporter_____

☒ *Production:* **YOU ARE COMMANDED** produce the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material **on or before February 8, 2023**:

**See Document Rider annexed hereto.**

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached: (i) Rule 45(c), relating to the place of compliance; (ii) Rule 45(d), relating to your protection as a person subject to a subpoena; and (iii) Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Dated:  January 19, 2023          CLERK OF COURT

OR

_____          */s/ Maria Aprile Sawczuk_____*
Signature of Clerk or Deputy Clerk          Attorney's Signature

The name, address, email address, and telephone number of the attorney representing Douglas T. Tabachnik, not individually but solely in his capacity as the chapter 7 trustee appointed in the above-captioned case, who issues or requests this subpoena, are

Maria Aprile Sawczuk, Esq.
Goldstein & McClintock LLLP
501 Silverside Road, Suite 65
Wilmington, DE 19809
Telephone:  (302) 444-6710
Email:  marias@goldmclaw.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

**PROOF OF SERVICE**
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for (name of individual and title, if any): _____
on (date) _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on (date) _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____.

My fees are $ _____ for travel and $_____ for services, for a total of $_____.

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
Server's signature

_____
Printed name and title

_____
Server's address

Additional information concerning attempted service, etc.:

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
        (i) is a party or a party's officer; or
        (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
    (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
    (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
        (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
        (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
    (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
        (i) fails to allow a reasonable time to comply;
        (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
        (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
        (iv) subjects a person to undue burden.
    (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
        (i) disclosing a trade secret or other confidential research, development, or commercial information; or

        (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
        (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
        (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
    (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
        (i) expressly make the claim; and
        (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

**For Access to Subpoena Materials**
Fed. R. Civ. P. 45(a) Committee Note (2013)
• Parties desiring access to information produced in response to this subpoena will need to follow up with the party serving the subpoena to obtain such access.
• The party serving the subpoena should make reasonable provisions for prompt access.
• The court for the district where compliance with the subpoena is required has authority to order notice of receipt of produced materials or access to them.

**DOCUMENT REQUEST RIDER TO NWC WORTH (AS DEFINED HEREIN)**

### I.  Instructions

(i)  You shall produce all documents described (and herein defined), including all originals, duplicates, drafts, and non-identical copies unless specifically instructed otherwise.

(ii)  Plural/Singular.  In interpreting these requests, all references to the singular shall include the plural and references to the plural shall include the singular.

(iii)  Duty to Preserve Documents.  The Trustee formally requests that NWC Worth take all necessary steps to preserve information and documents relevant to these subjects of these requests, which include, without limitation, the financial affairs and business operations of the Debtor.  Specifically, the Trustee hereby demands that NWC Worth preserve any and all documents, writings, and Electronically Stored Information ("ESI") that may be relevant to the business operations of the Debtor and the historical data related to the payment of its accounts payable for the four years prior the Petition Date.  Such information includes, without limitation, electronic data contained in NWC Worth's storage records, devices, computers, and other electronic storage devices (copiers, laptops, cellphones, etc.) at its place of business and where otherwise located.  NWC Worth shall immediately take steps to preserve and retain such information.  Compliance with this request is essential, as paper printouts of text contained in electronic files do not completely reflect all information contained within the file. The evidence required to be preserved includes electronic "metadata," such as tracked changes, revision histories, authorship, deletions, and similar information related to documents and electronic files. NWC Worth's preservation obligations extend to all electronic processing systems, even if they are replaced.  This includes computer servers, stand-alone personal computers, hard drives, laptops, PDAs, text messaging, instant messaging, scanner or copier, and other electronic processing devices, such as jump drives.  The duty to preserve such evidence may require NWC Worth to refrain from operating (or removing or altering fixed or external hard drives and any removable storage media connected thereto) personal computers, network workstations, notebook and/or laptop computers if to do so might compromise data and information.  The duty to preserve such evidence also may require NWC Worth retain and preserve any backup media or other storage media, whether online or offline, and refrain from overwriting or deleting information contained thereon, which may contain electronic data identified herein.

(iv)  Lost or Destroyed Documents.  If any documents requested herein have been lost, discarded, or destroyed, the document so lost, discarded, or destroyed should be identified as completely as possible, including without limitation the following information:  date of disposal, manner of disposal, reason of disposal, person authorizing the disposal, and person disposing of the document.

(v)  Lack of Custody.  If you claim any document herein requested is not in your possession, custody, or control, then you are directed to identify (a) the nature of the document, (b) the name, address, and telephone number of any person who has, or may have, possession, custody, or control of such demanded item, and (c) whether and how you presently have access to the document and can obtain a duplicate of it.

(vi)      <u>Selection and Production of Documents</u>.  The selection of documents from files and other sources shall be performed in such a manner as to ensure that the file or other source from which a document is obtained may be identified.  Any and all responsive data or information that exists in electronic or magnetic form must be produced.  Such information should be produced as load files and in a readable form in Microsoft Outlook, Word and/or Excel native format, produced on computer or magnetic disk, or in whatever other native format it is kept in the usual course of business, along with the codes, programs and/or programming instructions, and other materials necessary to use and access the magnetic or electronic data or information.

(vii)      <u>Separation of Documents</u>.   Documents attached to other documents or other materials shall not be separated unless sufficient records are kept to permit reconstruction of the grouping.

## II.      Definitions

A.      "<u>LBO Transaction</u>" shall mean the acquisition of the Debtor on or around October 4, 2016 by an affiliate of New Water.

B.      "<u>And</u>" and "<u>or</u>" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.

C.      "<u>Chapter 7 Case</u>" means the chapter 7 bankruptcy case captioned as *In re The Worth Collection Ltd.*, Case No. 20-10337, currently pending before the U.S. Bankruptcy Court for the District of Delaware.

D.      "<u>Communication</u>" or "<u>communications</u>" means any contact or act by which any information or knowledge is transmitted or conveyed between two or more persons or entities, and shall include, without limitation, written contact by such means as letters, memoranda, telegrams, telex, electronic mail, text message, or by any document, and oral contact by such means as face-to-face meetings and telephone conversations.

E.      "<u>Debtor</u>" means The Worth Collection Ltd., a Delaware corporation, who is the subject of the Chapter 7 Case, and its divisions, departments, and other corporate subdivisions, its domestic and foreign subsidiaries and affiliates (specifically including any special purpose vehicles), its predecessors in interest, its present or former officials, executives, officers, partners, directors, members, employees, agents and all other persons acting or purporting to act on behalf of the entity, its subsidiaries, officers or predecessors, including all past or present employees exercising discretion, making policy, and making decisions or participating in any of the foregoing functions.

F.      "<u>Debtor Affiliates</u>" shall include any entity affiliated with or related to the Debtor including, but not limited to, Worth Collection Intermediate Holdings, LLC; Worth Investment Holding, LLC; The Worth Collection Holdings, LLC; NWC Worth Holdings, LLC; and NWC Worth Collection Holdings, LLC.

G.      "<u>Document</u>" is used in the broadest possible sense and includes, but is not limited to, the following items (and each draft and non-identical copy thereof): writings; recordings; photographs;  financial  statements;  agreements;  communications,  including  intra-company

communications; correspondence; telegrams; cables; memoranda; records; books; summaries of records of personal conversations of interviews; diaries; forecasts; statistical statements; accounts; workpapers; graphs; charts; maps; diagrams; blueprints; tables; indexes; pictures; tapes; microfilms; charges; analytical records; minutes of records of meetings or conferences; reports and/or summaries of interviews; reports and/or summaries of investigations; opinions or reports of consultants; appraisals; records, reports, or summaries of negotiations; brochures; pamphlets; circulars; trade letters; press releases; contracts; stenographic, handwritten or any other notes; projections; working papers; checks, front and back; check stubs or receipts; invoice vouchers; data tapes and sheets, data processing cards or discs, or any other computer-related data compilation; any other written, recorded, transcribed, punched, taped, filmed, or graphic matter, however produced or reproduced; and any other written documents or writings of whatever description including, but not limited to, any information contained in any computer although not yet printed out, within the possession, custody, or control of you, or of any agent, employee (including without limitation, attorneys, accountants and investment bankers or advisors), or other person acting on your behalf.

H.      "Draft" includes, but is not limited to, any preliminary form of any document, or any copy bearing notations, marks, or matter not found on the original of, any document.

I.      "Duplicate" or "copy" means a counterpart or replica produced by the same impression as the original, or from the same matrix, or by means of photography, including enlargements and miniatures, xerography, or comparable process, or by mechanical or electronic re-recording, or by chemical reproduction, or by other equivalent techniques that accurately reproduce the original.

J.      "Including" shall be construed to include the phrase "without limitation."

K.      "Insider" shall have the meaning ascribed to it in 11 U.S.C. § 101(31).

L.      "MCA" shall mean MCA Financial Group and its divisions, departments, and other corporate subdivisions, its domestic and foreign subsidiaries and affiliates (specifically including any special purpose vehicles), its predecessors in interest, its present or former officials, executives, officers, partners, directors, members, employees, agents and all other persons acting or purporting to act on behalf of the entity, its subsidiaries, officers or predecessors, including all past or present employees exercising discretion, making policy, and making decisions or participating in any of the foregoing functions.

M.      "MidCap" means MidCap Funding IV Trust and its divisions, departments, and other corporate subdivisions, its domestic and foreign subsidiaries and affiliates (specifically including any special purpose vehicles), its predecessors in interest, its present or former officials, executives, officers, partners, directors, members, employees, agents and all other persons acting or purporting to act on behalf of the entity, its subsidiaries, officers or predecessors, including all past or present employees exercising discretion, making policy, and making decisions or participating in any of the foregoing functions.

N.      "Monroe" means Monroe Capital Management Advisors LLC and its divisions, departments, and other corporate subdivisions, its domestic and foreign subsidiaries and affiliates

(specifically including any special purpose vehicles), its predecessors in interest, its present or former officials, executives, officers, partners, directors, members, employees, agents and all other persons acting or purporting to act on behalf of the entity, its subsidiaries, officers or predecessors, including all past or present employees exercising discretion, making policy, and making decisions or participating in any of the foregoing functions.

O.      "NWC Worth" means NWC Worth Collection Holdings, LLC and its divisions, departments, and other corporate subdivisions, its domestic and foreign subsidiaries and affiliates (specifically including any special purpose vehicles), its predecessors in interest, its present or former officials, executives, officers, partners, directors, employees, agents and all other persons acting or purporting to act on behalf of the entity, its subsidiaries, officers or predecessors, including all past or present employees exercising discretion, making policy, and making decisions or participating in any of the foregoing functions.

P.      "Original" when referring to a writing or recording means the writing or recording itself or any counterpart intended to have the same effect by a person executing or issuing it. An "original" of a photograph includes the negative or any print made therefrom. If data is stored in a computer or similar device, any printout or other output readable by sight, and shown to reflect the data accurately, is an "original."

Q.      "Person" means any individual, firm, partnership, limited partnership, joint venture, limited liability company, corporation, d/b/a ("doing business as"), association, company, trust, or any other legal, government or business entity.

R.      "Possession, custody, or control" includes actual possession, but also includes constructive possession, whereby the party to whom this Request is directed has the right to compel the production of a matter or documents from a third party (including an agency, authority, or representative).

S.      "Refer to," "relate to," "reflect," or "concern" means concerning, referring to, alluding to, responding to, connecting with, commenting on, in respect of, about, regarding, discussing, showing, describing, mentioning, reflecting, analyzing, constituting, evidencing, identifying, or in any way pertinent to that certain subject.

T.      "Trustee" means Douglas T. Tabachnik, solely in his capacity as the chapter 7 trustee appointed to administer the Debtor's bankruptcy estate in the Chapter 7 Case.

U.      "Writings" and "Recordings" means words, numbers or their equivalent, set down by handwriting, typewriting, printing, photographing, mechanical, or electronic recording, or any other form of data production, reproductions, or compilations.

## III.    Document Requests

1.      Any and all documents in NWC Worth's possession concerning, referencing, or relating to the LBO Transaction.

2.      All documents evidencing any and all transactions between NWC Worth and the Debtor during the time period beginning on February 14, 2016 up through and including March 24, 2021.

3.      All documents evidencing an accounting of all transactions between NWC Worth and the Debtor Affiliates during the time period beginning on February 14, 2016 up through and including March 24, 2021.

4.      Any and all communications between NWC Worth and MCA relating to the Debtor and its affiliated entities.

5.      Any and all documents in NWC Worth's possession that concern, reference, or relate to the Debtor's ability to pay its trade vendors.

6.      Any and all documents in NWC Worth's possession that concern, reference, or relate to the Debtor or Debtor Affiliates.

7.      All communications regarding the selection of MCA as a consultant for the Debtor.

8.      All communications between NWC Worth and the Debtor in any way relating to the selection of a consultant for the Debtor.

9.      All communications between NWC Worth and the Debtor in any way relating to LBO Transaction.

10.     All communications relating to the Chapter 7 Case.

11.     All communications between NWC Worth and Klehr Harrison Harvey Branzburg LLP (the Debtor's former counsel) regarding the Debtor or the Chapter 7 Case.

12.     All communications between NWC Worth and Monroe in any way relating to the commercial lending relationships between MidCap, Monroe, and the Debtor (including, but not limited to, any such correspondence relating to the Chapter 7 Case).

13.     All communications between NWC Worth and MidCap in any way relating to the commercial lending relationships between MidCap, Monroe, and the Debtor (including, but not limited to, any such correspondence relating to the Chapter 7 Case).

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| THE WORTH COLLECTION, LTD., | ) | Case No. 20-10337 (BLS) |
| | ) | |
| Debtor. | ) | Related to Docket Nos. 133, 134, 144, |
| | ) | 145, and 149 |

**ORDER GRANTING MOTION OF THE CHAPTER 7 TRUSTEE FOR ENTRY OF AN
ORDER AUTHORIZING DISCOVERY ON NON-DEBTOR PARTIES PURSUANT TO
<u>FED. R. BANKR. P. 2004</u>**

Upon the motion (the "*Motion*")[1] of the Trustee for entry of an order authorizing discovery on non-debtor parties pursuant to Fed. R. Bankr. P. 2004; the Court having reviewed the Motion and it appearing that the relief granted herein is in the best interests of the Debtor's estate, its creditors, and other parties in interest; the Court finding that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, that this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), that venue of this proceeding is proper pursuant to 28 U.S.C. §§ 1408 and 1409, and that notice of this Motion was appropriate and sufficient under the particular circumstances and that no other or further notice need be given; and that Klehr Harrison Harvey Branzburg LLP, MidCap Funding IV Trust, and MCA Financial Group (collectively, the "*Conferring Parties*") have each agreed to voluntarily cooperate with the Motion and to engage in good faith negotiations to the extent any disagreement with the Trustee arises; and accordingly, and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT**:

1. The Motion is GRANTED, and the Trustee is authorized to engage in discovery in accordance with the Motion; provided, however:

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

2

(a)     The Motion shall be continued to the hearing currently scheduled before this Court on October 26, 2022 at 9:00 a.m. (Eastern time) solely as to the Conferring Parties, and that the remainder of this Order shall not apply to the Conferring Parties; and

(b)     the Trustee is hereby permitted to issue a subpoena for documents and deposition testimony to New Water Capital, L.P. ("*New Water*"), and both the Trustee and New Water reserve all of their rights and defenses under applicable law, the Federal Rules of Civil Procedures, the Federal Rules of Bankruptcy Procedure, and any applicable local rules and decisional authority with regard to such subpoena (as well as with regard to any and all other matters).  Except as expressly set forth in paragraph 1(b) of this Order, the Motion is withdrawn as to New Water without prejudice.

2.     Within twenty (20) days following the receipt of any subpoena issued pursuant to this Order, the recipient of such subpoena shall produce the documents requested for inspection and copying, and shall deliver such documents to:

> Maria Aprile Sawczuk, Esq.
> Goldstein & McClintock LLLP
> 501 Silverside Road, Suite 65
> Wilmington, Delaware 19809
> marias@goldmclaw.com

or, if an agreement is reached between counsel for the Trustee and such party, production is ordered at such other time and place as may be agreed upon.

3.     If any recipient of subpoena issued pursuant to this Order withholds any documents based on a claim of privilege, such party shall provide counsel for the Trustee with a privilege log containing the information required under Bankruptcy Rule 9016 and Rule 45(e)(2) of the Federal Rules of Civil Procedure at the time and place of production.

4.     Within twenty (20) days following the receipt of any subpoena issued pursuant to this Order, the recipient of such subpoena shall appear (if the applicable party is an individual), or

3

cause a representative who consents to testify on such corporate party's behalf and who is most able to answer questions regarding the matters therein, for examination at the date and time indicated on the subpoena, at the address specified in paragraph 2 of this Order, or via electronic means, or, if an agreement is reached between counsel for the Trustee and such party, at such other time and place as may be agreed upon, with any such examination continuing from day-to-day until completed.

5.  Other forms of discovery which are ordinarily permitted by the Federal Rules of Civil Procedure or the Federal Rules of Bankruptcy Procedure issued by the Trustee shall be governed by the same time period and procedure set forth with regard to document requests and depositions above.

6.  The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

7.  This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated: October 13th, 2022
Wilmington, Delaware

BRENDAN L. SHANNON
UNITED STATES BANKRUPTCY JUDGE

4

# UNITED STATES BANKRUPTCY COURT

District of Delaware

In re:  The Worth Collection, Ltd.                    Case No.  20-10337 (BLS)

                                              Chapter        7
Debtor

## SUBPOENA FOR RULE 2004 EXAMINATION

To:  Worth Collection Intermediate Holdings, LLC ("*WCIH*") c/o:

- If dissolved or cancelled: Worth Investment Holdings, LLC, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801, the sole member of WCIH

- If not dissolved or cancelled: Worth Collection Intermediate Holdings, LLC, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801

☒ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure and Local Rule 2004-1.

| **PLACE** | **DATE AND TIME** |
|---|---|
| Meeting ID: 845 6153 5161 | February 21, 2023 |
| Passcode: 361908 | 9:30 a.m. CT |

The examination will be recorded by this method:        Court Reporter

☒ *Production:* **YOU ARE COMMANDED** produce the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material **on or before February 8, 2023**:

**See Document Rider annexed hereto.**

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached: (i) Rule 45(c), relating to the place of compliance; (ii) Rule 45(d), relating to your protection as a person subject to a subpoena; and (iii) Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Dated:  January 19, 2023        CLERK OF COURT

OR

_____        */s/ Maria Aprile Sawczuk*
Signature of Clerk or Deputy Clerk        Attorney's Signature

The name, address, email address, and telephone number of the attorney representing Douglas T. Tabachnik, not individually but solely in his capacity as the chapter 7 trustee appointed in the above-captioned case, who issues or requests this subpoena, are

Maria Aprile Sawczuk, Esq.
Goldstein & McClintock LLLP
501 Silverside Road, Suite 65
Wilmington, DE 19809
Telephone:  (302) 444-6710
Email:  marias@goldmclaw.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

**PROOF OF SERVICE**
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for (name of individual and title, if any): _____

on (date) _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on (date) _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____.

My fees are $ _____for travel and $_____for services, for a total of $_____.

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
Server's signature

_____
Printed name and title

_____
Server's address

Additional information concerning attempted service, etc.:

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

**For Access to Subpoena Materials**
Fed. R. Civ. P. 45(a) Committee Note (2013)
• Parties desiring access to information produced in response to this subpoena will need to follow up with the party serving the subpoena to obtain such access.
• The party serving the subpoena should make reasonable provisions for prompt access.
• The court for the district where compliance with the subpoena is required has authority to order notice of receipt of produced materials or access to them.

## **DOCUMENT REQUEST RIDER TO WCIH (AS DEFINED HEREIN)**

### I.    Instructions

(i)    You shall produce all documents described (and herein defined), including all originals, duplicates, drafts, and non-identical copies unless specifically instructed otherwise.

(ii)    Plural/Singular.  In interpreting these requests, all references to the singular shall include the plural and references to the plural shall include the singular.

(iii)    Duty to Preserve Documents.  The Trustee formally requests that WCIH take all necessary steps to preserve information and documents relevant to these subjects of these requests, which include, without limitation, the financial affairs and business operations of the Debtor. Specifically, the Trustee hereby demands that WCIH preserve any and all documents, writings, and Electronically Stored Information ("ESI") that may be relevant to the business operations of the Debtor and the historical data related to the payment of its accounts payable for the four years prior the Petition Date.  Such information includes, without limitation, electronic data contained in WCIH's storage records, devices, computers, and other electronic storage devices (copiers, laptops, cellphones, etc.) at its place of business and where otherwise located.  WCIH shall immediately take steps to preserve and retain such information.  Compliance with this request is essential, as paper printouts of text contained in electronic files do not completely reflect all information contained within the file. The evidence required to be preserved includes electronic "metadata," such as tracked changes, revision histories, authorship, deletions, and similar information related to documents and electronic files.  WCIH's preservation obligations extend to all electronic processing systems, even if they are replaced.  This includes computer servers, stand-alone personal computers, hard drives, laptops, PDAs, text messaging, instant messaging, scanner or copier, and other electronic processing devices, such as jump drives.  The duty to preserve such evidence may require WCIH to refrain from operating (or removing or altering fixed or external hard drives and any removable storage media connected thereto) personal computers, network workstations, notebook and/or laptop computers if to do so might compromise data and information.  The duty to preserve such evidence also may require WCIH retain and preserve any backup media or other storage media, whether online or offline, and refrain from overwriting or deleting information contained thereon, which may contain electronic data identified herein.

(iv)    Lost or Destroyed Documents.  If any documents requested herein have been lost, discarded, or destroyed, the document so lost, discarded, or destroyed should be identified as completely as possible, including without limitation the following information:  date of disposal, manner of disposal, reason of disposal, person authorizing the disposal, and person disposing of the document.

(v)    Lack of Custody.  If you claim any document herein requested is not in your possession, custody, or control, then you are directed to identify (a) the nature of the document, (b) the name, address, and telephone number of any person who has, or may have, possession, custody, or control of such demanded item, and (c) whether and how you presently have access to the document and can obtain a duplicate of it.

(vi)     <u>Selection and Production of Documents</u>.  The selection of documents from files and other sources shall be performed in such a manner as to ensure that the file or other source from which a document is obtained may be identified.  Any and all responsive data or information that exists in electronic or magnetic form must be produced.  Such information should be produced as load files and in a readable form in Microsoft Outlook, Word and/or Excel native format, produced on computer or magnetic disk, or in whatever other native format it is kept in the usual course of business, along with the codes, programs and/or programming instructions, and other materials necessary to use and access the magnetic or electronic data or information.

(vii)     <u>Separation of Documents</u>.  Documents attached to other documents or other materials shall not be separated unless sufficient records are kept to permit reconstruction of the grouping.

## II.    **Definitions**

A.     "<u>LBO Transaction</u>" shall mean the acquisition of the Debtor on or around October 4, 2016 by an affiliate of New Water.

B.     "<u>And</u>" and "<u>or</u>" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.

C.     "<u>Chapter 7 Case</u>" means the chapter 7 bankruptcy case captioned as *In re The Worth Collection Ltd.*, Case No. 20-10337, currently pending before the U.S. Bankruptcy Court for the District of Delaware.

D.     "<u>Communication</u>" or "<u>communications</u>" means any contact or act by which any information or knowledge is transmitted or conveyed between two or more persons or entities, and shall include, without limitation, written contact by such means as letters, memoranda, telegrams, telex, electronic mail, text message, or by any document, and oral contact by such means as face-to-face meetings and telephone conversations.

E.     "<u>Debtor</u>" means The Worth Collection Ltd., a Delaware corporation, who is the subject of the Chapter 7 Case, and its divisions, departments, and other corporate subdivisions, its domestic and foreign subsidiaries and affiliates (specifically including any special purpose vehicles), its predecessors in interest, its present or former officials, executives, officers, partners, directors, members, employees, agents and all other persons acting or purporting to act on behalf of the entity, its subsidiaries, officers or predecessors, including all past or present employees exercising discretion, making policy, and making decisions or participating in any of the foregoing functions.

F.     "<u>Debtor Affiliates</u>" shall include any entity affiliated with or related to the Debtor including, but not limited to, Worth Collection Intermediate Holdings, LLC; Worth Investment Holding, LLC; The Worth Collection Holdings, LLC; NWC Worth Holdings, LLC; and NWC Worth Collection Holdings, LLC.

G.     "<u>Document</u>" is used in the broadest possible sense and includes, but is not limited to, the following items (and each draft and non-identical copy thereof): writings; recordings; photographs; financial statements; agreements; communications, including intra-company

communications; correspondence; telegrams; cables; memoranda; records; books; summaries of records of personal conversations of interviews; diaries; forecasts; statistical statements; accounts; workpapers; graphs; charts; maps; diagrams; blueprints; tables; indexes; pictures; tapes; microfilms; charges; analytical records; minutes of records of meetings or conferences; reports and/or summaries of interviews; reports and/or summaries of investigations; opinions or reports of consultants; appraisals; records, reports, or summaries of negotiations; brochures; pamphlets; circulars; trade letters; press releases; contracts; stenographic, handwritten or any other notes; projections; working papers; checks, front and back; check stubs or receipts; invoice vouchers; data tapes and sheets, data processing cards or discs, or any other computer-related data compilation; any other written, recorded, transcribed, punched, taped, filmed, or graphic matter, however produced or reproduced; and any other written documents or writings of whatever description including, but not limited to, any information contained in any computer although not yet printed out, within the possession, custody, or control of you, or of any agent, employee (including without limitation, attorneys, accountants and investment bankers or advisors), or other person acting on your behalf.

H.      "Draft" includes, but is not limited to, any preliminary form of any document, or any copy bearing notations, marks, or matter not found on the original of, any document.

I.       "Duplicate" or "copy" means a counterpart or replica produced by the same impression as the original, or from the same matrix, or by means of photography, including enlargements and miniatures, xerography, or comparable process, or by mechanical or electronic re-recording, or by chemical reproduction, or by other equivalent techniques that accurately reproduce the original.

J.       "Including" shall be construed to include the phrase "without limitation."

K.      "Insider" shall have the meaning ascribed to it in 11 U.S.C. § 101(31).

L.      "MCA" shall mean MCA Financial Group and its divisions, departments, and other corporate subdivisions, its domestic and foreign subsidiaries and affiliates (specifically including any special purpose vehicles), its predecessors in interest, its present or former officials, executives, officers, partners, directors, members, employees, agents and all other persons acting or purporting to act on behalf of the entity, its subsidiaries, officers or predecessors, including all past or present employees exercising discretion, making policy, and making decisions or participating in any of the foregoing functions.

M.      "MidCap" means MidCap Funding IV Trust and its divisions, departments, and other corporate subdivisions, its domestic and foreign subsidiaries and affiliates (specifically including any special purpose vehicles), its predecessors in interest, its present or former officials, executives, officers, partners, directors, members, employees, agents and all other persons acting or purporting to act on behalf of the entity, its subsidiaries, officers or predecessors, including all past or present employees exercising discretion, making policy, and making decisions or participating in any of the foregoing functions.

N.      "Monroe" means Monroe Capital Management Advisors LLC and its divisions, departments, and other corporate subdivisions, its domestic and foreign subsidiaries and affiliates

(specifically including any special purpose vehicles), its predecessors in interest, its present or former officials, executives, officers, partners, directors, members, employees, agents and all other persons acting or purporting to act on behalf of the entity, its subsidiaries, officers or predecessors, including all past or present employees exercising discretion, making policy, and making decisions or participating in any of the foregoing functions.

O.      "Original" when referring to a writing or recording means the writing or recording itself or any counterpart intended to have the same effect by a person executing or issuing it.  An "original" of a photograph includes the negative or any print made therefrom.  If data is stored in a computer or similar device, any printout or other output readable by sight, and shown to reflect the data accurately, is an "original."

P.      "Person" means any individual, firm, partnership, limited partnership, joint venture, limited liability company, corporation, d/b/a ("doing business as"), association, company, trust, or any other legal, government or business entity.

Q.      "Possession, custody, or control" includes actual possession, but also includes constructive possession, whereby the party to whom this Request is directed has the right to compel the production of a matter or documents from a third party (including an agency, authority, or representative).

R.      "Refer to," "relate to," "reflect," or "concern" means concerning, referring to, alluding to, responding to, connecting with, commenting on, in respect of, about, regarding, discussing, showing, describing, mentioning, reflecting, analyzing, constituting, evidencing, identifying, or in any way pertinent to that certain subject.

S.      "Trustee" means Douglas T. Tabachnik, solely in his capacity as the chapter 7 trustee appointed to administer the Debtor's bankruptcy estate in the Chapter 7 Case.

T.      "Writings" and "Recordings" means words, numbers or their equivalent, set down by handwriting, typewriting, printing, photographing, mechanical, or electronic recording, or any other form of data production, reproductions, or compilations.

U.      "WCIH" means Worth Collection Intermediate Holdings, LLC and its divisions, departments, and other corporate subdivisions, its domestic and foreign subsidiaries and affiliates (specifically including any special purpose vehicles), its predecessors in interest, its present or former officials, executives, officers, partners, directors, employees, agents and all other persons acting or purporting to act on behalf of the entity, its subsidiaries, officers or predecessors, including all past or present employees exercising discretion, making policy, and making decisions or participating in any of the foregoing functions.

## III.    Document Requests

1.      Any and all documents in WCIH's possession concerning, referencing, or relating to the LBO Transaction.

2.      All documents evidencing any and all transactions between WCIH and the Debtor during the time period beginning on February 14, 2016 up through and including March 24, 2021.

3. All documents evidencing an accounting of all transactions between WCIH and the Debtor Affiliates during the time period beginning on February 14, 2016 up through and including March 24, 2021.

4. Any and all communications between WCIH and MCA relating to the Debtor and its affiliated entities.

5. Any and all documents in WCIH's possession that concern, reference, or relate to the Debtor's ability to pay its trade vendors.

6. Any and all documents in WCIH's possession that concern, reference, or relate to the Debtor or Debtor Affiliates.

7. All communications regarding the selection of MCA as a consultant for the Debtor.

8. All communications between WCIH and the Debtor in any way relating to the selection of a consultant for the Debtor.

9. All communications between WCIH and the Debtor in any way relating to LBO Transaction.

10. All communications relating to the Chapter 7 Case.

11. All communications between WCIH and Klehr Harrison Harvey Branzburg LLP (the Debtor's former counsel) regarding the Debtor or the Chapter 7 Case.

12. All communications between WCIH and Monroe in any way relating to the commercial lending relationships between MidCap, Monroe, and the Debtor (including, but not limited to, any such correspondence relating to the Chapter 7 Case).

13. All communications between WCIH and MidCap in any way relating to the commercial lending relationships between MidCap, Monroe, and the Debtor (including, but not limited to, any such correspondence relating to the Chapter 7 Case).

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| THE WORTH COLLECTION, LTD., | ) | Case No. 20-10337 (BLS) |
| | ) | |
| Debtor. | ) | Related to Docket Nos. 133, 134, 144, |
| | ) | 145, and 149 |

**ORDER GRANTING MOTION OF THE CHAPTER 7 TRUSTEE FOR ENTRY OF AN
ORDER AUTHORIZING DISCOVERY ON NON-DEBTOR PARTIES PURSUANT TO
FED. R. BANKR. P. 2004**

Upon the motion (the "*Motion*")[1] of the Trustee for entry of an order authorizing discovery on non-debtor parties pursuant to Fed. R. Bankr. P. 2004; the Court having reviewed the Motion and it appearing that the relief granted herein is in the best interests of the Debtor's estate, its creditors, and other parties in interest; the Court finding that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, that this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), that venue of this proceeding is proper pursuant to 28 U.S.C. §§ 1408 and 1409, and that notice of this Motion was appropriate and sufficient under the particular circumstances and that no other or further notice need be given; and that Klehr Harrison Harvey Branzburg LLP, MidCap Funding IV Trust, and MCA Financial Group (collectively, the "*Conferring Parties*") have each agreed to voluntarily cooperate with the Motion and to engage in good faith negotiations to the extent any disagreement with the Trustee arises; and accordingly, and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT**:

1.      The Motion is GRANTED, and the Trustee is authorized to engage in discovery in accordance with the Motion; provided, however:

---

[1]    Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

2

(a)     The Motion shall be continued to the hearing currently scheduled before this Court on October 26, 2022 at 9:00 a.m. (Eastern time) solely as to the Conferring Parties, and that the remainder of this Order shall not apply to the Conferring Parties; and

(b)     the Trustee is hereby permitted to issue a subpoena for documents and deposition testimony to New Water Capital, L.P. ("*New Water*"), and both the Trustee and New Water reserve all of their rights and defenses under applicable law, the Federal Rules of Civil Procedures, the Federal Rules of Bankruptcy Procedure, and any applicable local rules and decisional authority with regard to such subpoena (as well as with regard to any and all other matters).  Except as expressly set forth in paragraph 1(b) of this Order, the Motion is withdrawn as to New Water without prejudice.

2.     Within twenty (20) days following the receipt of any subpoena issued pursuant to this Order, the recipient of such subpoena shall produce the documents requested for inspection and copying, and shall deliver such documents to:

> Maria Aprile Sawczuk, Esq.
> Goldstein & McClintock LLLP
> 501 Silverside Road, Suite 65
> Wilmington, Delaware 19809
> marias@goldmclaw.com

or, if an agreement is reached between counsel for the Trustee and such party, production is ordered at such other time and place as may be agreed upon.

3.     If any recipient of subpoena issued pursuant to this Order withholds any documents based on a claim of privilege, such party shall provide counsel for the Trustee with a privilege log containing the information required under Bankruptcy Rule 9016 and Rule 45(e)(2) of the Federal Rules of Civil Procedure at the time and place of production.

4.     Within twenty (20) days following the receipt of any subpoena issued pursuant to this Order, the recipient of such subpoena shall appear (if the applicable party is an individual), or

cause a representative who consents to testify on such corporate party's behalf and who is most able to answer questions regarding the matters therein, for examination at the date and time indicated on the subpoena, at the address specified in paragraph 2 of this Order, or via electronic means, or, if an agreement is reached between counsel for the Trustee and such party, at such other time and place as may be agreed upon, with any such examination continuing from day-to-day until completed.

5.        Other forms of discovery which are ordinarily permitted by the Federal Rules of Civil Procedure or the Federal Rules of Bankruptcy Procedure issued by the Trustee shall be governed by the same time period and procedure set forth with regard to document requests and depositions above.

6.        The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

7.        This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.


**Dated: October 13th, 2022**
**Wilmington, Delaware**

**BRENDAN L. SHANNON**
**UNITED STATES BANKRUPTCY JUDGE**

4

# UNITED STATES BANKRUPTCY COURT

District of Delaware

In re:  The Worth Collection, Ltd.

Case No.  20-10337 (BLS)

Debtor

Chapter  7

**SUBPOENA FOR RULE 2004 EXAMINATION**

To:  Worth Investment Holdings, LLC ("*WIH*") c/o:

- If dissolved or cancelled: New Water Capital Partners, L.P., The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801, the sole member of WIH

- If not dissolved or cancelled: Worth Investment Holdings, LLC, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801

☒  *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure and Local Rule 2004-1.

| **PLACE** | **DATE AND TIME** |
|---|---|
| | |

The examination will be recorded by this method:  Court Reporter

☒  *Production:* **YOU ARE COMMANDED** produce the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material **on or before February 8, 2023**:

> **See Document Rider annexed hereto.**

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached: (i) Rule 45(c), relating to the place of compliance; (ii) Rule 45(d), relating to your protection as a person subject to a subpoena; and (iii) Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Dated:  January 19, 2023          CLERK OF COURT

OR

_____          */s/ Maria Aprile Sawczuk*_____
Signature of Clerk or Deputy Clerk          Attorney's Signature

The name, address, email address, and telephone number of the attorney representing Douglas T. Tabachnik, not individually but solely in his capacity as the chapter 7 trustee appointed in the above-captioned case, who issues or requests this subpoena, are

> Maria Aprile Sawczuk, Esq.
> Goldstein & McClintock LLLP
> 501 Silverside Road, Suite 65
> Wilmington, DE 19809
> Telephone:  (302) 444-6710
> Email:  marias@goldmclaw.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

**PROOF OF SERVICE**
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for (name of individual and title, if any): _____

on (date) _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on (date) _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____.

My fees are $ _____ for travel and $_____ for services, for a total of $_____.

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
Server's signature

_____
Printed name and title

_____
Server's address

Additional information concerning attempted service, etc.:

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
   (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or

      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

**For Access to Subpoena Materials**
Fed. R. Civ. P. 45(a) Committee Note (2013)
• Parties desiring access to information produced in response to this subpoena will need to follow up with the party serving the subpoena to obtain such access.
• The party serving the subpoena should make reasonable provisions for prompt access.
• The court for the district where compliance with the subpoena is required has authority to order notice of receipt of produced materials or access to them.

## DOCUMENT REQUEST RIDER TO WORTH INVESTMENT (AS DEFINED HEREIN)

**I.        Instructions**

(i)        You shall produce all documents described (and herein defined), including all originals, duplicates, drafts, and non-identical copies unless specifically instructed otherwise.

(ii)        Plural/Singular.  In interpreting these requests, all references to the singular shall include the plural and references to the plural shall include the singular.

(iii)        Duty to Preserve Documents.  The Trustee formally requests that Worth Investment take all necessary steps to preserve information and documents relevant to these subjects of these requests, which include, without limitation, the financial affairs and business operations of the Debtor.  Specifically, the Trustee hereby demands that Worth Investment preserve any and all documents, writings, and Electronically Stored Information ("ESI") that may be relevant to the business operations of the Debtor and the historical data related to the payment of its accounts payable for the four years prior the Petition Date.  Such information includes, without limitation, electronic data contained in Worth Investment's storage records, devices, computers, and other electronic storage devices (copiers, laptops, cellphones, etc.) at its place of business and where otherwise located.  Worth Investment shall immediately take steps to preserve and retain such information.  Compliance with this request is essential, as paper printouts of text contained in electronic files do not completely reflect all information contained within the file. The evidence required to be preserved includes electronic "metadata," such as tracked changes, revision histories, authorship, deletions, and similar information related to documents and electronic files. Worth Investment's preservation obligations extend to all electronic processing systems, even if they are replaced.  This includes computer servers, stand-alone personal computers, hard drives, laptops, PDAs, text messaging, instant messaging, scanner or copier, and other electronic processing devices, such as jump drives.  The duty to preserve such evidence may require Worth Investment to refrain from operating (or removing or altering fixed or external hard drives and any removable storage media connected thereto) personal computers, network workstations, notebook and/or laptop computers if to do so might compromise data and information.  The duty to preserve such evidence also may require Worth Investment retain and preserve any backup media or other storage media, whether online or offline, and refrain from overwriting or deleting information contained thereon, which may contain electronic data identified herein.

(iv)        Lost or Destroyed Documents.  If any documents requested herein have been lost, discarded, or destroyed, the document so lost, discarded, or destroyed should be identified as completely as possible, including without limitation the following information:  date of disposal, manner of disposal, reason of disposal, person authorizing the disposal, and person disposing of the document.

(v)        Lack of Custody.  If you claim any document herein requested is not in your possession, custody, or control, then you are directed to identify (a) the nature of the document, (b) the name, address, and telephone number of any person who has, or may have, possession, custody, or control of such demanded item, and (c) whether and how you presently have access to the document and can obtain a duplicate of it.

(vi)      <u>Selection and Production of Documents</u>.  The selection of documents from files and other sources shall be performed in such a manner as to ensure that the file or other source from which a document is obtained may be identified.  Any and all responsive data or information that exists in electronic or magnetic form must be produced.  Such information should be produced as load files and in a readable form in Microsoft Outlook, Word and/or Excel native format, produced on computer or magnetic disk, or in whatever other native format it is kept in the usual course of business, along with the codes, programs and/or programming instructions, and other materials necessary to use and access the magnetic or electronic data or information.

(vii)     <u>Separation of Documents</u>.  Documents attached to other documents or other materials shall not be separated unless sufficient records are kept to permit reconstruction of the grouping.

## II.      Definitions

A.      "<u>LBO Transaction</u>" shall mean the acquisition of the Debtor on or around October 4, 2016 by an affiliate of New Water.

B.      "<u>And</u>" and "<u>or</u>" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.

C.      "<u>Chapter 7 Case</u>" means the chapter 7 bankruptcy case captioned as *In re The Worth Collection Ltd.*, Case No. 20-10337, currently pending before the U.S. Bankruptcy Court for the District of Delaware.

D.      "<u>Communication</u>" or "<u>communications</u>" means any contact or act by which any information or knowledge is transmitted or conveyed between two or more persons or entities, and shall include, without limitation, written contact by such means as letters, memoranda, telegrams, telex, electronic mail, text message, or by any document, and oral contact by such means as face-to-face meetings and telephone conversations.

E.      "<u>Debtor</u>" means The Worth Collection Ltd., a Delaware corporation, who is the subject of the Chapter 7 Case, and its divisions, departments, and other corporate subdivisions, its domestic and foreign subsidiaries and affiliates (specifically including any special purpose vehicles), its predecessors in interest, its present or former officials, executives, officers, partners, directors, members, employees, agents and all other persons acting or purporting to act on behalf of the entity, its subsidiaries, officers or predecessors, including all past or present employees exercising discretion, making policy, and making decisions or participating in any of the foregoing functions.

F.      "<u>Debtor Affiliates</u>" shall include any entity affiliated with or related to the Debtor including, but not limited to, Worth Collection Intermediate Holdings, LLC; Worth Investment Holding, LLC; The Worth Collection Holdings, LLC; NWC Worth Holdings, LLC; and NWC Worth Collection Holdings, LLC.

G.      "<u>Document</u>" is used in the broadest possible sense and includes, but is not limited to, the following items (and each draft and non-identical copy thereof): writings; recordings; photographs; financial statements; agreements; communications, including intra-company

communications; correspondence; telegrams; cables; memoranda; records; books; summaries of records of personal conversations of interviews; diaries; forecasts; statistical statements; accounts; workpapers; graphs; charts; maps; diagrams; blueprints; tables; indexes; pictures; tapes; microfilms; charges; analytical records; minutes of records of meetings or conferences; reports and/or summaries of interviews; reports and/or summaries of investigations; opinions or reports of consultants; appraisals; records, reports, or summaries of negotiations; brochures; pamphlets; circulars; trade letters; press releases; contracts; stenographic, handwritten or any other notes; projections; working papers; checks, front and back; check stubs or receipts; invoice vouchers; data tapes and sheets, data processing cards or discs, or any other computer-related data compilation; any other written, recorded, transcribed, punched, taped, filmed, or graphic matter, however produced or reproduced; and any other written documents or writings of whatever description including, but not limited to, any information contained in any computer although not yet printed out, within the possession, custody, or control of you, or of any agent, employee (including without limitation, attorneys, accountants and investment bankers or advisors), or other person acting on your behalf.

H.      "Draft" includes, but is not limited to, any preliminary form of any document, or any copy bearing notations, marks, or matter not found on the original of, any document.

I.      "Duplicate" or "copy" means a counterpart or replica produced by the same impression as the original, or from the same matrix, or by means of photography, including enlargements and miniatures, xerography, or comparable process, or by mechanical or electronic re-recording, or by chemical reproduction, or by other equivalent techniques that accurately reproduce the original.

J.      "Including" shall be construed to include the phrase "without limitation."

K.      "Insider" shall have the meaning ascribed to it in 11 U.S.C. § 101(31).

L.      "MCA" shall mean MCA Financial Group and its divisions, departments, and other corporate subdivisions, its domestic and foreign subsidiaries and affiliates (specifically including any special purpose vehicles), its predecessors in interest, its present or former officials, executives, officers, partners, directors, members, employees, agents and all other persons acting or purporting to act on behalf of the entity, its subsidiaries, officers or predecessors, including all past or present employees exercising discretion, making policy, and making decisions or participating in any of the foregoing functions.

M.      "MidCap" means MidCap Funding IV Trust and its divisions, departments, and other corporate subdivisions, its domestic and foreign subsidiaries and affiliates (specifically including any special purpose vehicles), its predecessors in interest, its present or former officials, executives, officers, partners, directors, members, employees, agents and all other persons acting or purporting to act on behalf of the entity, its subsidiaries, officers or predecessors, including all past or present employees exercising discretion, making policy, and making decisions or participating in any of the foregoing functions.

N.      "Monroe" means Monroe Capital Management Advisors LLC and its divisions, departments, and other corporate subdivisions, its domestic and foreign subsidiaries and affiliates

(specifically including any special purpose vehicles), its predecessors in interest, its present or former officials, executives, officers, partners, directors, members, employees, agents and all other persons acting or purporting to act on behalf of the entity, its subsidiaries, officers or predecessors, including all past or present employees exercising discretion, making policy, and making decisions or participating in any of the foregoing functions.

O.      "Original" when referring to a writing or recording means the writing or recording itself or any counterpart intended to have the same effect by a person executing or issuing it.  An "original" of a photograph includes the negative or any print made therefrom.  If data is stored in a computer or similar device, any printout or other output readable by sight, and shown to reflect the data accurately, is an "original."

P.      "Person" means any individual, firm, partnership, limited partnership, joint venture, limited liability company, corporation, d/b/a ("doing business as"), association, company, trust, or any other legal, government or business entity.

Q.      "Possession, custody, or control" includes actual possession, but also includes constructive possession, whereby the party to whom this Request is directed has the right to compel the production of a matter or documents from a third party (including an agency, authority, or representative).

R.      "Refer to," "relate to," "reflect," or "concern" means concerning, referring to, alluding to, responding to, connecting with, commenting on, in respect of, about, regarding, discussing, showing, describing, mentioning, reflecting, analyzing, constituting, evidencing, identifying, or in any way pertinent to that certain subject.

S.      "Trustee" means Douglas T. Tabachnik, solely in his capacity as the chapter 7 trustee appointed to administer the Debtor's bankruptcy estate in the Chapter 7 Case.

T.      "Worth Investment" means Worth Investment Holdings, LLC and its divisions, departments, and other corporate subdivisions, its domestic and foreign subsidiaries and affiliates (specifically including any special purpose vehicles), its predecessors in interest, its present or former officials, executives, officers, partners, directors, employees, agents and all other persons acting or purporting to act on behalf of the entity, its subsidiaries, officers or predecessors, including all past or present employees exercising discretion, making policy, and making decisions or participating in any of the foregoing functions.

U.      "Writings" and "Recordings" means words, numbers or their equivalent, set down by handwriting, typewriting, printing, photographing, mechanical, or electronic recording, or any other form of data production, reproductions, or compilations.

## III.     Document Requests

1.      Any and all documents in Worth Investment's possession concerning, referencing, or relating to the LBO Transaction.

2.　　All documents evidencing any and all transactions between Worth Investment and the Debtor during the time period beginning on February 14, 2016 up through and including March 24, 2021.

3.　　All documents evidencing an accounting of all transactions between Worth Investment and the Debtor Affiliates during the time period beginning on February 14, 2016 up through and including March 24, 2021.

4.　　Any and all communications between Worth Investment and MCA relating to the Debtor and its affiliated entities.

5.　　Any and all documents in Worth Investment's possession that concern, reference, or relate to the Debtor's ability to pay its trade vendors.

6.　　Any and all documents in Worth Investment's possession that concern, reference, or relate to the Debtor or Debtor Affiliates.

7.　　All communications regarding the selection of MCA as a consultant for the Debtor.

8.　　All communications between Worth Investment and the Debtor in any way relating to the selection of a consultant for the Debtor.

9.　　All communications between Worth Investment and the Debtor in any way relating to LBO Transaction.

10.　　All communications relating to the Chapter 7 Case.

11.　　All communications between Worth Investment and Klehr Harrison Harvey Branzburg LLP (the Debtor's former counsel) regarding the Debtor or the Chapter 7 Case.

12.　　All communications between Worth Investment and Monroe in any way relating to the commercial lending relationships between MidCap, Monroe, and the Debtor (including, but not limited to, any such correspondence relating to the Chapter 7 Case).

13.　　All communications between Worth Investment and MidCap in any way relating to the commercial lending relationships between MidCap, Monroe, and the Debtor (including, but not limited to, any such correspondence relating to the Chapter 7 Case).

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| THE WORTH COLLECTION, LTD., | ) | Case No. 20-10337 (BLS) |
| | ) | |
| Debtor. | ) | Related to Docket Nos. 133, 134, 144, |
| | ) | 145, and 149 |

**ORDER GRANTING MOTION OF THE CHAPTER 7 TRUSTEE FOR ENTRY OF AN
ORDER AUTHORIZING DISCOVERY ON NON-DEBTOR PARTIES PURSUANT TO
<u>FED. R. BANKR. P. 2004</u>**

Upon the motion (the "*Motion*")[1] of the Trustee for entry of an order authorizing discovery on non-debtor parties pursuant to Fed. R. Bankr. P. 2004; the Court having reviewed the Motion and it appearing that the relief granted herein is in the best interests of the Debtor's estate, its creditors, and other parties in interest; the Court finding that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, that this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), that venue of this proceeding is proper pursuant to 28 U.S.C. §§ 1408 and 1409, and that notice of this Motion was appropriate and sufficient under the particular circumstances and that no other or further notice need be given; and that Klehr Harrison Harvey Branzburg LLP, MidCap Funding IV Trust, and MCA Financial Group (collectively, the "*Conferring Parties*") have each agreed to voluntarily cooperate with the Motion and to engage in good faith negotiations to the extent any disagreement with the Trustee arises; and accordingly, and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT**:

1.      The Motion is GRANTED, and the Trustee is authorized to engage in discovery in accordance with the Motion; provided, however:

---

[1]    Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

2

(a)      The Motion shall be continued to the hearing currently scheduled before this Court on October 26, 2022 at 9:00 a.m. (Eastern time) solely as to the Conferring Parties, and that the remainder of this Order shall not apply to the Conferring Parties; and

(b)      the Trustee is hereby permitted to issue a subpoena for documents and deposition testimony to New Water Capital, L.P. ("*New Water*"), and both the Trustee and New Water reserve all of their rights and defenses under applicable law, the Federal Rules of Civil Procedures, the Federal Rules of Bankruptcy Procedure, and any applicable local rules and decisional authority with regard to such subpoena (as well as with regard to any and all other matters).  Except as expressly set forth in paragraph 1(b) of this Order, the Motion is withdrawn as to New Water without prejudice.

2.      Within twenty (20) days following the receipt of any subpoena issued pursuant to this Order, the recipient of such subpoena shall produce the documents requested for inspection and copying, and shall deliver such documents to:

> Maria Aprile Sawczuk, Esq.
> Goldstein & McClintock LLLP
> 501 Silverside Road, Suite 65
> Wilmington, Delaware 19809
> marias@goldmclaw.com

or, if an agreement is reached between counsel for the Trustee and such party, production is ordered at such other time and place as may be agreed upon.

3.      If any recipient of subpoena issued pursuant to this Order withholds any documents based on a claim of privilege, such party shall provide counsel for the Trustee with a privilege log containing the information required under Bankruptcy Rule 9016 and Rule 45(e)(2) of the Federal Rules of Civil Procedure at the time and place of production.

4.      Within twenty (20) days following the receipt of any subpoena issued pursuant to this Order, the recipient of such subpoena shall appear (if the applicable party is an individual), or

3

cause a representative who consents to testify on such corporate party's behalf and who is most able to answer questions regarding the matters therein, for examination at the date and time indicated on the subpoena, at the address specified in paragraph 2 of this Order, or via electronic means, or, if an agreement is reached between counsel for the Trustee and such party, at such other time and place as may be agreed upon, with any such examination continuing from day-to-day until completed.

5. Other forms of discovery which are ordinarily permitted by the Federal Rules of Civil Procedure or the Federal Rules of Bankruptcy Procedure issued by the Trustee shall be governed by the same time period and procedure set forth with regard to document requests and depositions above.

6. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

7. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated: October 13th, 2022
Wilmington, Delaware

BRENDAN L. SHANNON
UNITED STATES BANKRUPTCY JUDGE

4

**EXHIBIT C**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 7 |
| | ) |
| THE WORTH COLLECTION, LTD., | ) Case No. 20-10337 (BLS) |
| | ) |
| Debtor. | ) Related to Docket Nos. 133, 134, 144, |
| | ) 145, and 149 |

### ORDER GRANTING MOTION OF THE CHAPTER 7 TRUSTEE FOR ENTRY OF AN ORDER AUTHORIZING DISCOVERY ON NON-DEBTOR PARTIES PURSUANT TO FED. R. BANKR. P. 2004

Upon the motion (the "*Motion*")[1] of the Trustee for entry of an order authorizing discovery on non-debtor parties pursuant to Fed. R. Bankr. P. 2004; the Court having reviewed the Motion and it appearing that the relief granted herein is in the best interests of the Debtor's estate, its creditors, and other parties in interest; the Court finding that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, that this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), that venue of this proceeding is proper pursuant to 28 U.S.C. §§ 1408 and 1409, and that notice of this Motion was appropriate and sufficient under the particular circumstances and that no other or further notice need be given; and that Klehr Harrison Harvey Branzburg LLP, MidCap Funding IV Trust, and MCA Financial Group (collectively, the "*Conferring Parties*") have each agreed to voluntarily cooperate with the Motion and to engage in good faith negotiations to the extent any disagreement with the Trustee arises; and accordingly, and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT**:

1. The Motion is GRANTED, and the Trustee is authorized to engage in discovery in accordance with the Motion; provided, however:

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

2

(a)     The Motion shall be continued to the hearing currently scheduled before this Court on October 26, 2022 at 9:00 a.m. (Eastern time) solely as to the Conferring Parties, and that the remainder of this Order shall not apply to the Conferring Parties; and

(b)     the Trustee is hereby permitted to issue a subpoena for documents and deposition testimony to New Water Capital, L.P. ("*New Water*"), and both the Trustee and New Water reserve all of their rights and defenses under applicable law, the Federal Rules of Civil Procedures, the Federal Rules of Bankruptcy Procedure, and any applicable local rules and decisional authority with regard to such subpoena (as well as with regard to any and all other matters).  Except as expressly set forth in paragraph 1(b) of this Order, the Motion is withdrawn as to New Water without prejudice.

2.     Within twenty (20) days following the receipt of any subpoena issued pursuant to this Order, the recipient of such subpoena shall produce the documents requested for inspection and copying, and shall deliver such documents to:

> Maria Aprile Sawczuk, Esq.
> Goldstein & McClintock LLLP
> 501 Silverside Road, Suite 65
> Wilmington, Delaware 19809
> marias@goldmclaw.com

or, if an agreement is reached between counsel for the Trustee and such party, production is ordered at such other time and place as may be agreed upon.

3.     If any recipient of subpoena issued pursuant to this Order withholds any documents based on a claim of privilege, such party shall provide counsel for the Trustee with a privilege log containing the information required under Bankruptcy Rule 9016 and Rule 45(e)(2) of the Federal Rules of Civil Procedure at the time and place of production.

4.     Within twenty (20) days following the receipt of any subpoena issued pursuant to this Order, the recipient of such subpoena shall appear (if the applicable party is an individual), or

3

cause a representative who consents to testify on such corporate party's behalf and who is most able to answer questions regarding the matters therein, for examination at the date and time indicated on the subpoena, at the address specified in paragraph 2 of this Order, or via electronic means, or, if an agreement is reached between counsel for the Trustee and such party, at such other time and place as may be agreed upon, with any such examination continuing from day-to-day until completed.

5. Other forms of discovery which are ordinarily permitted by the Federal Rules of Civil Procedure or the Federal Rules of Bankruptcy Procedure issued by the Trustee shall be governed by the same time period and procedure set forth with regard to document requests and depositions above.

6. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

7. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

**Dated: October 13th, 2022**
**Wilmington, Delaware**

**BRENDAN L. SHANNON**
**UNITED STATES BANKRUPTCY JUDGE**

4

**COMPOSITE D**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 |
| | ) | |
| THE WORTH COLLECTION, LTD., | ) | |
| | ) | Case No. 20-10337 (BLS) |
| *Debtor.* | ) | |

**SUPPLEMENTAL INTERROGATORIES RELATED TO RULE 2004 DISCOVERY**

Douglas T. Tabachnik, in his capacity as the chapter 7 trustee appointed in the above-captioned bankruptcy case (the "Trustee"), hereby requests that New Water (defined below) answer the following interrogatories under oath within 20 days after service hereof.  Your answers to these interrogatories should be provided to counsel for the Trustee at the address found below:

Harley J. Goldstein, Esq.
Daniel C. Curth, Esq.
Amrit S. Kapai, Esq.
Steven Yachik, Esq.
Goldstein & McClintock LLLP
111 West Washington Street, Suite 1221
Telephone: (312) 337-7700
Email:  harleyg@goldmclaw.com
          danc@goldmclaw.com
          amritk@goldmclaw.com
          steveny@goldmclaw.com

Each of the following interrogatories is to be read and produced in accordance with the instructions and definitions set forth below.

**INSTRUCTIONS**

1.      You are required to conduct a thorough investigation and provide all information available to you, including information in the custody or possession of your attorneys, investigators, experts, agents, representatives or anyone acting on your behalf.

2.      You are required to answer each interrogatory separately and fully in writing under oath unless it is objected to.

3.      If you object to any interrogatory, you must state the reasons for the objection in lieu of an answer.

4.      The answers are to be signed under oath by the person making them and the objections are to be signed by the attorney making them.

5.      You are to serve a copy of your answers, and objections, if any, within 20 days after the service of the interrogatories.

6.      When you are asked to identify a document which you claim is privileged, identify the document with sufficient particularity to request its production under Rule 34(b) of the Federal Rules of Civil Procedure (made applicable by Rule 7034 of the Federal Rules of Bankruptcy Procedure).

## DEFINITIONS

A.      "2016 Transaction" shall mean the series of transactions occurring on or around September 29, 2016 that effectuated the acquisition of the Debtor by Worth Collection Intermediate Holdings, LLC and/or one or more other Debtor Affiliates.

B.      "And" and "or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.

C.      "Chapter 7 Case" means the chapter 7 bankruptcy case captioned as *In re The Worth Collection Ltd.*, Case No. 20-10337, currently pending before the U.S. Bankruptcy Court for the District of Delaware.

D.      "Communication" or "communications" means any contact or act by which any information or knowledge is transmitted or conveyed between two or more persons or entities, and shall include, without limitation, written contact by such means as letters, memoranda, telegrams, telex, electronic mail, text message, or by any document, and oral contact by such means as face-to-face meetings and telephone conversations.

E.      "Debtor" means The Worth Collection Ltd., a Delaware corporation, who is the subject of the Chapter 7 Case, and its divisions, departments, and other corporate subdivisions, its domestic and foreign subsidiaries and affiliates (specifically including any special purpose vehicles), its predecessors in interest, its present or former officials, executives, officers, partners, directors, members, employees, agents and all other persons acting or purporting to act on behalf of the entity, its subsidiaries, officers or predecessors, including all past or present employees exercising discretion, making policy, and making decisions or participating in any of the foregoing functions.

F.      "Debtor Affiliates" shall include any entity affiliated with or related to the Debtor including, but not limited to, Worth Collection Intermediate Holdings, LLC; Worth Investment Holding, LLC; The Worth Collection Holdings, LLC; NWC Worth Holdings, LLC; and NWC Worth Collection Holdings, LLC.

G.      "Document" is used in the broadest possible sense and includes, but is not limited to, the following items (and each draft and non-identical copy thereof): writings; recordings; photographs; financial statements; agreements; communications, including intra-company communications; correspondence; telegrams; cables; memoranda; records; books; summaries of records of personal conversations of interviews; diaries; forecasts; statistical statements; accounts; workpapers; graphs; charts; maps; diagrams; blueprints; tables; indexes; pictures; tapes; microfilms; charges; analytical records; minutes of records of meetings or conferences; reports and/or summaries of interviews; reports and/or summaries of investigations; opinions or reports of consultants; appraisals; records, reports, or summaries of negotiations; brochures; pamphlets; circulars; trade letters; press releases; contracts; stenographic, handwritten or any other notes; projections; working papers; checks, front and back; check stubs or receipts; invoice vouchers;

data tapes and sheets, data processing cards or discs, or any other computer-related data compilation; any other written, recorded, transcribed, punched, taped, filmed, or graphic matter, however produced or reproduced; and any other written documents or writings of whatever description including, but not limited to, any information contained in any computer although not yet printed out, within the possession, custody, or control of you, or of any agent, employee (including without limitation, attorneys, accountants and investment bankers or advisors), or other person acting on your behalf.

H.      "Draft" includes, but is not limited to, any preliminary form of any document, or any copy bearing notations, marks, or matter not found on the original of, any document.

I.      "Duplicate" or "copy" means a counterpart or replica produced by the same impression as the original, or from the same matrix, or by means of photography, including enlargements and miniatures, xerography, or comparable process, or by mechanical or electronic re-recording, or by chemical reproduction, or by other equivalent techniques that accurately reproduce the original.

J.      "Including" shall be construed to include the phrase "without limitation."

K.      "New Water" means New Water Capital L.P. and its divisions, departments, and other corporate subdivisions, its domestic and foreign subsidiaries and affiliates (specifically including any special purpose vehicles), its predecessors in interest, its present or former officials, executives, officers, partners, directors, employees, agents and all other persons acting or purporting to act on behalf of the entity, its subsidiaries, officers or predecessors, including all past or present employees exercising discretion, making policy, and making decisions or participating in any of the foregoing functions.

L.      "Original" when referring to a writing or recording means the writing or recording itself or any counterpart intended to have the same effect by a person executing or issuing it.  An "original" of a photograph includes the negative or any print made therefrom.  If data is stored in a computer or similar device, any printout or other output readable by sight, and shown to reflect the data accurately, is an "original."

M.      "Person" means any individual, firm, partnership, limited partnership, joint venture, limited liability company, corporation, d/b/a ("doing business as"), association, company, trust, or any other legal, government or business entity.

N.      "Possession, custody, or control" includes actual possession, but also includes constructive possession, whereby the party to whom this Request is directed has the right to compel the production of a matter or documents from a third party (including an agency, authority, or representative).

O.      "Refer to," "relate to," "reflect," or "concern" means concerning, referring to, alluding to, responding to, connecting with, commenting on, in respect of, about, regarding, discussing, showing, describing, mentioning, reflecting, analyzing, constituting, evidencing, identifying, or in any way pertinent to that certain subject.

P.      "Trustee" means Douglas T. Tabachnik, solely in his capacity as the chapter 7 trustee appointed to administer the Debtor's bankruptcy estate in the Chapter 7 Case.

## INTERROGATORIES

1. Identify any and all persons who served as a director, officer, member, and/or manager of The Worth Collection Ltd. at any point from January 1, 2015, up to and including March 24, 2021. With respect to each such person identified pursuant to this interrogatory, your answer should include such person's (i) name; (ii) title(s) or position(s) with The Worth Collection Ltd. and dates of service in such role(s); (iii) any e-mail address known to be used by such person, whether business or personal; and (iv) current address, and telephone number, or, if current address and telephone number are unknown, last known address and telephone number.

2. Identify any and all persons who served as a director, officer, member, and/or manager of Worth Collection Intermediate Holdings, LLC at any point from January 1, 2015, up to and including March 24, 2021. With respect to each such person identified pursuant to this interrogatory, your answer should include such person's (i) name; (ii) title(s) or position(s) with Worth Collection Intermediate Holdings, LLC and dates of service in such role(s); (iii) any e-mail address known to be used by such person, whether business or personal; and (iv) current address, and telephone number, or, if current address and telephone number are unknown, last known address and telephone number.

3. Identify any and all persons who served as a director, officer, member, and/or manager of Worth Investment Holdings, LLC at any point from January 1, 2015, up to and including March 24, 2021. With respect to each such person identified pursuant to this interrogatory, your answer should include such person's (i) name; (ii) title(s) or position(s) with Worth Investment Holdings, LLC and dates of service in such role(s); (iii) any e-mail address known to be used by such person, whether business or personal; and (iv) current address, and telephone number, or, if current address and telephone number are unknown, last known address and telephone number.

4. Identify any and all persons who served as a director, officer, member, and/or manager of NWC Worth Collection Holdings, LLC at any point from January 1, 2015, up to and including March 24, 2021. With respect to each such person identified pursuant to this interrogatory, your answer should include such person's (i) name; (ii) title(s) or position(s) with NWC Worth Collection Holdings, LLC and dates of service in such role(s); (iii) any e-mail address known to be used by such person, whether business or personal; and (iv) current address, and telephone number, or, if current address and telephone number are unknown, last known address and telephone number.

Dated:  February 17, 2023

**GOLDSTEIN & McCLINTOCK LLLP**

*/s/  Daniel C. Curth*
Harley J. Goldstein, Esq.
Daniel C. Curth, Esq.
Amrit S. Kapai, Esq.
Steven Yachik, Esq.
111 W Washington Street, Suite 1221
Chicago, IL 60602
Telephone: (312) 337-7700
Email:  harleyg@goldmclaw.com
           danc@goldmclaw.com

amritk@goldmclaw.com
steveny@goldmclaw.com

*Counsel for the Chapter 7 Trustee*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

IN RE:                        )        Chapter 7

                                )

THE WORTH COLLECTION, LTD.,     )

                                )        Case No. 20-10337 (BLS)

                 *Debtor.*          )

## <u>SUPPLEMENTAL INTERROGATORIES RELATED TO RULE 2004 DISCOVERY</u>

Douglas T. Tabachnik, in his capacity as the chapter 7 trustee appointed in the above-captioned bankruptcy case (the "Trustee"), hereby requests that NWC Worth Collection Holdings, LLC ("NWC Holdings") answer the following interrogatories under oath within 20 days after service hereof.  Your answers to these interrogatories should be provided to counsel for the Trustee at the address found below:

Harley J. Goldstein, Esq.
Daniel C. Curth, Esq.
Amrit S. Kapai, Esq.
Steven Yachik, Esq.
Goldstein & McClintock LLLP
111 West Washington Street, Suite 1221
Telephone: (312) 337-7700
Email:  <u>harleyg@goldmclaw.com</u>
      <u>danc@goldmclaw.com</u>
      <u>amritk@goldmclaw.com</u>
      <u>steveny@goldmclaw.com</u>

Each of the following interrogatories is to be read and produced in accordance with the instructions and definitions set forth below.

## <u>INSTRUCTIONS</u>

1.      You are required to conduct a thorough investigation and provide all information available to you, including information in the custody or possession of your attorneys, investigators, experts, agents, representatives or anyone acting on your behalf.

2.      You are required to answer each interrogatory separately and fully in writing under oath unless it is objected to.

3.      If you object to any interrogatory, you must state the reasons for the objection in lieu of an answer.

4.      The answers are to be signed under oath by the person making them and the objections are to be signed by the attorney making them.

5.      You are to serve a copy of your answers, and objections, if any, within 20 days after the service of the interrogatories.

6.      When you are asked to identify a document which you claim is privileged, identify the document with sufficient particularity to request its production under Rule 34(b) of the Federal Rules of Civil Procedure (made applicable by Rule 7034 of the Federal Rules of Bankruptcy Procedure).

## DEFINITIONS

A.      "2016 Transaction" shall mean the series of transactions occurring on or around September 29, 2016 that effectuated the acquisition of the Debtor by Worth Collection Intermediate Holdings, LLC and/or one or more other Debtor Affiliates.

B.      "And" and "or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.

C.      "Chapter 7 Case" means the chapter 7 bankruptcy case captioned as *In re The Worth Collection Ltd.*, Case No. 20-10337, currently pending before the U.S. Bankruptcy Court for the District of Delaware.

D.      "Communication" or "communications" means any contact or act by which any information or knowledge is transmitted or conveyed between two or more persons or entities, and shall include, without limitation, written contact by such means as letters, memoranda, telegrams, telex, electronic mail, text message, or by any document, and oral contact by such means as face-to-face meetings and telephone conversations.

E.      "Debtor" means The Worth Collection Ltd., a Delaware corporation, who is the subject of the Chapter 7 Case, and its divisions, departments, and other corporate subdivisions, its domestic and foreign subsidiaries and affiliates (specifically including any special purpose vehicles), its predecessors in interest, its present or former officials, executives, officers, partners, directors, members, employees, agents and all other persons acting or purporting to act on behalf of the entity, its subsidiaries, officers or predecessors, including all past or present employees exercising discretion, making policy, and making decisions or participating in any of the foregoing functions.

F.      "Debtor Affiliates" shall include any entity affiliated with or related to the Debtor including, but not limited to, Worth Collection Intermediate Holdings, LLC; Worth Investment Holding, LLC; The Worth Collection Holdings, LLC; NWC Worth Holdings, LLC; and NWC Worth Collection Holdings, LLC.

G.      "Document" is used in the broadest possible sense and includes, but is not limited to, the following items (and each draft and non-identical copy thereof): writings; recordings; photographs; financial statements; agreements; communications, including intra-company communications; correspondence; telegrams; cables; memoranda; records; books; summaries of records of personal conversations of interviews; diaries; forecasts; statistical statements; accounts; workpapers; graphs; charts; maps; diagrams; blueprints; tables; indexes; pictures; tapes; microfilms; charges; analytical records; minutes of records of meetings or conferences; reports and/or summaries of interviews; reports and/or summaries of investigations; opinions or reports of consultants; appraisals; records, reports, or summaries of negotiations; brochures; pamphlets; circulars; trade letters; press releases; contracts; stenographic, handwritten or any other notes; projections; working papers; checks, front and back; check stubs or receipts; invoice vouchers;

data tapes and sheets, data processing cards or discs, or any other computer-related data compilation; any other written, recorded, transcribed, punched, taped, filmed, or graphic matter, however produced or reproduced; and any other written documents or writings of whatever description including, but not limited to, any information contained in any computer although not yet printed out, within the possession, custody, or control of you, or of any agent, employee (including without limitation, attorneys, accountants and investment bankers or advisors), or other person acting on your behalf.

H.      "Draft" includes, but is not limited to, any preliminary form of any document, or any copy bearing notations, marks, or matter not found on the original of, any document.

I.      "Duplicate" or "copy" means a counterpart or replica produced by the same impression as the original, or from the same matrix, or by means of photography, including enlargements and miniatures, xerography, or comparable process, or by mechanical or electronic re-recording, or by chemical reproduction, or by other equivalent techniques that accurately reproduce the original.

J.      "Including" shall be construed to include the phrase "without limitation."

K.      "New Water" means New Water Capital L.P. and its divisions, departments, and other corporate subdivisions, its domestic and foreign subsidiaries and affiliates (specifically including any special purpose vehicles), its predecessors in interest, its present or former officials, executives, officers, partners, directors, employees, agents and all other persons acting or purporting to act on behalf of the entity, its subsidiaries, officers or predecessors, including all past or present employees exercising discretion, making policy, and making decisions or participating in any of the foregoing functions.

L.      "Original" when referring to a writing or recording means the writing or recording itself or any counterpart intended to have the same effect by a person executing or issuing it.  An "original" of a photograph includes the negative or any print made therefrom.  If data is stored in a computer or similar device, any printout or other output readable by sight, and shown to reflect the data accurately, is an "original."

M.      "Person" means any individual, firm, partnership, limited partnership, joint venture, limited liability company, corporation, d/b/a ("doing business as"), association, company, trust, or any other legal, government or business entity.

N.      "Possession, custody, or control" includes actual possession, but also includes constructive possession, whereby the party to whom this Request is directed has the right to compel the production of a matter or documents from a third party (including an agency, authority, or representative).

O.      "Refer to," "relate to," "reflect," or "concern" means concerning, referring to, alluding to, responding to, connecting with, commenting on, in respect of, about, regarding, discussing, showing, describing, mentioning, reflecting, analyzing, constituting, evidencing, identifying, or in any way pertinent to that certain subject.

P.      "Trustee" means Douglas T. Tabachnik, solely in his capacity as the chapter 7 trustee appointed to administer the Debtor's bankruptcy estate in the Chapter 7 Case.

## INTERROGATORIES

1.       Identify any and all persons who served as a director, officer, member, and/or manager of The Worth Collection Ltd. at any point from January 1, 2015, up to and including March 24, 2021.  With respect to each such person identified pursuant to this interrogatory, your answer should include such person's (i) name; (ii) title(s) or position(s) with The Worth Collection Ltd. and dates of service in such role(s); (iii) any e-mail address known to be used by such person, whether business or personal; and (iv) current address, and telephone number, or, if current address and telephone number are unknown, last known address and telephone number.

2.       Identify any and all persons who served as a director, officer, member, and/or manager of Worth Collection Intermediate Holdings, LLC at any point from January 1, 2015, up to and including March 24, 2021.  With respect to each such person identified pursuant to this interrogatory, your answer should include such person's (i) name; (ii) title(s) or position(s) with Worth Collection Intermediate Holdings, LLC and dates of service in such role(s); (iii) any e-mail address known to be used by such person, whether business or personal; and (iv) current address, and telephone number, or, if current address and telephone number are unknown, last known address and telephone number.

3.       Identify any and all persons who served as a director, officer, member, and/or manager of Worth Investment Holdings, LLC at any point from January 1, 2015, up to and including March 24, 2021.  With respect to each such person identified pursuant to this interrogatory, your answer should include such person's (i) name; (ii) title(s) or position(s) with Worth Investment Holdings, LLC and dates of service in such role(s); (iii) any e-mail address known to be used by such person, whether business or personal; and (iv) current address, and telephone number, or, if current address and telephone number are unknown, last known address and telephone number.

4.       Identify any and all persons who served as a director, officer, member, and/or manager of NWC Worth Collection Holdings, LLC at any point from January 1, 2015, up to and including March 24, 2021.  With respect to each such person identified pursuant to this interrogatory, your answer should include such person's (i) name; (ii) title(s) or position(s) with NWC Worth Collection Holdings, LLC and dates of service in such role(s); (iii) any e-mail address known to be used by such person, whether business or personal; and (iv) current address, and telephone number, or, if current address and telephone number are unknown, last known address and telephone number.

Dated:  February 17, 2023               **GOLDSTEIN & MCCLINTOCK LLLP**

*/s/  Daniel C. Curth*
Harley J. Goldstein, Esq.
Daniel C. Curth, Esq.
Amrit S. Kapai, Esq.
Steven Yachik, Esq.
111 W Washington Street, Suite 1221
Chicago, IL 60602
Telephone: (312) 337-7700
Email:  harleyg@goldmclaw.com
          danc@goldmclaw.com

amritk@goldmclaw.com
steveny@goldmclaw.com

*Counsel for the Chapter 7 Trustee*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 |
| | ) | |
| THE WORTH COLLECTION, LTD., | ) | |
| | ) | Case No. 20-10337 (BLS) |
| *Debtor.* | ) | |

## SUPPLEMENTAL INTERROGATORIES RELATED TO RULE 2004 DISCOVERY

Douglas T. Tabachnik, in his capacity as the chapter 7 trustee appointed in the above-captioned bankruptcy case (the "Trustee"), hereby requests that Worth Investment Holdings, LLC ("WIH") answer the following interrogatories under oath within 20 days after service hereof.  Your answers to these interrogatories should be provided to counsel for the Trustee at the address found below:

> Harley J. Goldstein, Esq.
> Daniel C. Curth, Esq.
> Amrit S. Kapai, Esq.
> Steven Yachik, Esq.
> Goldstein & McClintock LLLP
> 111 West Washington Street, Suite 1221
> Telephone: (312) 337-7700
> Email:  harleyg@goldmclaw.com
>          danc@goldmclaw.com
>          amritk@goldmclaw.com
>          steveny@goldmclaw.com

Each of the following interrogatories is to be read and produced in accordance with the instructions and definitions set forth below.

## INSTRUCTIONS

1.      You are required to conduct a thorough investigation and provide all information available to you, including information in the custody or possession of your attorneys, investigators, experts, agents, representatives or anyone acting on your behalf.

2.      You are required to answer each interrogatory separately and fully in writing under oath unless it is objected to.

3.      If you object to any interrogatory, you must state the reasons for the objection in lieu of an answer.

4.      The answers are to be signed under oath by the person making them and the objections are to be signed by the attorney making them.

5.      You are to serve a copy of your answers, and objections, if any, within 20 days after the service of the interrogatories.

6.      When you are asked to identify a document which you claim is privileged, identify the document with sufficient particularity to request its production under Rule 34(b) of the Federal Rules of Civil Procedure (made applicable by Rule 7034 of the Federal Rules of Bankruptcy Procedure).

## DEFINITIONS

A.      "2016 Transaction" shall mean the series of transactions occurring on or around September 29, 2016 that effectuated the acquisition of the Debtor by Worth Collection Intermediate Holdings, LLC and/or one or more other Debtor Affiliates.

B.      "And" and "or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.

C.      "Chapter 7 Case" means the chapter 7 bankruptcy case captioned as *In re The Worth Collection Ltd.*, Case No. 20-10337, currently pending before the U.S. Bankruptcy Court for the District of Delaware.

D.      "Communication" or "communications" means any contact or act by which any information or knowledge is transmitted or conveyed between two or more persons or entities, and shall include, without limitation, written contact by such means as letters, memoranda, telegrams, telex, electronic mail, text message, or by any document, and oral contact by such means as face-to-face meetings and telephone conversations.

E.      "Debtor" means The Worth Collection Ltd., a Delaware corporation, who is the subject of the Chapter 7 Case, and its divisions, departments, and other corporate subdivisions, its domestic and foreign subsidiaries and affiliates (specifically including any special purpose vehicles), its predecessors in interest, its present or former officials, executives, officers, partners, directors, members, employees, agents and all other persons acting or purporting to act on behalf of the entity, its subsidiaries, officers or predecessors, including all past or present employees exercising discretion, making policy, and making decisions or participating in any of the foregoing functions.

F.      "Debtor Affiliates" shall include any entity affiliated with or related to the Debtor including, but not limited to, Worth Collection Intermediate Holdings, LLC; Worth Investment Holding, LLC; The Worth Collection Holdings, LLC; NWC Worth Holdings, LLC; and NWC Worth Collection Holdings, LLC.

G.      "Document" is used in the broadest possible sense and includes, but is not limited to, the following items (and each draft and non-identical copy thereof): writings; recordings; photographs; financial statements; agreements; communications, including intra-company communications; correspondence; telegrams; cables; memoranda; records; books; summaries of records of personal conversations of interviews; diaries; forecasts; statistical statements; accounts; workpapers; graphs; charts; maps; diagrams; blueprints; tables; indexes; pictures; tapes; microfilms; charges; analytical records; minutes of records of meetings or conferences; reports and/or summaries of interviews; reports and/or summaries of investigations; opinions or reports of consultants; appraisals; records, reports, or summaries of negotiations; brochures; pamphlets; circulars; trade letters; press releases; contracts; stenographic, handwritten or any other notes; projections; working papers; checks, front and back; check stubs or receipts; invoice vouchers;

data tapes and sheets, data processing cards or discs, or any other computer-related data compilation; any other written, recorded, transcribed, punched, taped, filmed, or graphic matter, however produced or reproduced; and any other written documents or writings of whatever description including, but not limited to, any information contained in any computer although not yet printed out, within the possession, custody, or control of you, or of any agent, employee (including without limitation, attorneys, accountants and investment bankers or advisors), or other person acting on your behalf.

H.      "Draft" includes, but is not limited to, any preliminary form of any document, or any copy bearing notations, marks, or matter not found on the original of, any document.

I.       "Duplicate" or "copy" means a counterpart or replica produced by the same impression as the original, or from the same matrix, or by means of photography, including enlargements and miniatures, xerography, or comparable process, or by mechanical or electronic re-recording, or by chemical reproduction, or by other equivalent techniques that accurately reproduce the original.

J.       "Including" shall be construed to include the phrase "without limitation."

K.      "New Water" means New Water Capital L.P. and its divisions, departments, and other corporate subdivisions, its domestic and foreign subsidiaries and affiliates (specifically including any special purpose vehicles), its predecessors in interest, its present or former officials, executives, officers, partners, directors, employees, agents and all other persons acting or purporting to act on behalf of the entity, its subsidiaries, officers or predecessors, including all past or present employees exercising discretion, making policy, and making decisions or participating in any of the foregoing functions.

L.      "Original" when referring to a writing or recording means the writing or recording itself or any counterpart intended to have the same effect by a person executing or issuing it.  An "original" of a photograph includes the negative or any print made therefrom.  If data is stored in a computer or similar device, any printout or other output readable by sight, and shown to reflect the data accurately, is an "original."

M.      "Person" means any individual, firm, partnership, limited partnership, joint venture, limited liability company, corporation, d/b/a ("doing business as"), association, company, trust, or any other legal, government or business entity.

N.      "Possession, custody, or control" includes actual possession, but also includes constructive possession, whereby the party to whom this Request is directed has the right to compel the production of a matter or documents from a third party (including an agency, authority, or representative).

O.      "Refer to," "relate to," "reflect," or "concern" means concerning, referring to, alluding to, responding to, connecting with, commenting on, in respect of, about, regarding, discussing, showing, describing, mentioning, reflecting, analyzing, constituting, evidencing, identifying, or in any way pertinent to that certain subject.

P.      "Trustee" means Douglas T. Tabachnik, solely in his capacity as the chapter 7 trustee appointed to administer the Debtor's bankruptcy estate in the Chapter 7 Case.

## **INTERROGATORIES**

1.      Identify any and all persons who served as a director, officer, member, and/or manager of The Worth Collection Ltd. at any point from January 1, 2015, up to and including March 24, 2021.  With respect to each such person identified pursuant to this interrogatory, your answer should include such person's (i) name; (ii) title(s) or position(s) with The Worth Collection Ltd. and dates of service in such role(s); (iii) any e-mail address known to be used by such person, whether business or personal; and (iv) current address, and telephone number, or, if current address and telephone number are unknown, last known address and telephone number.

2.      Identify any and all persons who served as a director, officer, member, and/or manager of Worth Collection Intermediate Holdings, LLC at any point from January 1, 2015, up to and including March 24, 2021.  With respect to each such person identified pursuant to this interrogatory, your answer should include such person's (i) name; (ii) title(s) or position(s) with Worth Collection Intermediate Holdings, LLC and dates of service in such role(s); (iii) any e-mail address known to be used by such person, whether business or personal; and (iv) current address, and telephone number, or, if current address and telephone number are unknown, last known address and telephone number.

3.      Identify any and all persons who served as a director, officer, member, and/or manager of Worth Investment Holdings, LLC at any point from January 1, 2015, up to and including March 24, 2021.  With respect to each such person identified pursuant to this interrogatory, your answer should include such person's (i) name; (ii) title(s) or position(s) with Worth Investment Holdings, LLC and dates of service in such role(s); (iii) any e-mail address known to be used by such person, whether business or personal; and (iv) current address, and telephone number, or, if current address and telephone number are unknown, last known address and telephone number.

4.      Identify any and all persons who served as a director, officer, member, and/or manager of NWC Worth Collection Holdings, LLC at any point from January 1, 2015, up to and including March 24, 2021.  With respect to each such person identified pursuant to this interrogatory, your answer should include such person's (i) name; (ii) title(s) or position(s) with NWC Worth Collection Holdings, LLC and dates of service in such role(s); (iii) any e-mail address known to be used by such person, whether business or personal; and (iv) current address, and telephone number, or, if current address and telephone number are unknown, last known address and telephone number.

Dated:  February 17, 2023

**GOLDSTEIN & MCCLINTOCK LLLP**

*/s/  Daniel C. Curth*
Harley J. Goldstein, Esq.
Daniel C. Curth, Esq.
Amrit S. Kapai, Esq.
Steven Yachik, Esq.
111 W Washington Street, Suite 1221
Chicago, IL 60602
Telephone: (312) 337-7700
Email:  harleyg@goldmclaw.com
              danc@goldmclaw.com

amritk@goldmclaw.com
steveny@goldmclaw.com

*Counsel for the Chapter 7 Trustee*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 |
| | ) | |
| THE WORTH COLLECTION, LTD., | ) | |
| | ) | Case No. 20-10337 (BLS) |
| *Debtor.* | ) | |

**SUPPLEMENTAL INTERROGATORIES RELATED TO RULE 2004 DISCOVERY**

Douglas T. Tabachnik, in his capacity as the chapter 7 trustee appointed in the above-captioned bankruptcy case (the "Trustee"), hereby requests that Worth Collection Intermediate Holdings, LLC ("Worth Intermediate") answer the following interrogatories under oath within 20 days after service hereof.  Your answers to these interrogatories should be provided to counsel for the Trustee at the address found below:

> Harley J. Goldstein, Esq.
> Daniel C. Curth, Esq.
> Amrit S. Kapai, Esq.
> Steven Yachik, Esq.
> Goldstein & McClintock LLLP
> 111 West Washington Street, Suite 1221
> Telephone: (312) 337-7700
> Email:  harleyg@goldmclaw.com
> danc@goldmclaw.com
> amritk@goldmclaw.com
> steveny@goldmclaw.com

Each of the following interrogatories is to be read and produced in accordance with the instructions and definitions set forth below.

**INSTRUCTIONS**

1.      You are required to conduct a thorough investigation and provide all information available to you, including information in the custody or possession of your attorneys, investigators, experts, agents, representatives or anyone acting on your behalf.

2.      You are required to answer each interrogatory separately and fully in writing under oath unless it is objected to.

3.      If you object to any interrogatory, you must state the reasons for the objection in lieu of an answer.

4.      The answers are to be signed under oath by the person making them and the objections are to be signed by the attorney making them.

5.      You are to serve a copy of your answers, and objections, if any, within 20 days after the service of the interrogatories.

6.       When you are asked to identify a document which you claim is privileged, identify the document with sufficient particularity to request its production under Rule 34(b) of the Federal Rules of Civil Procedure (made applicable by Rule 7034 of the Federal Rules of Bankruptcy Procedure).

## **DEFINITIONS**

A.       "2016 Transaction" shall mean the series of transactions occurring on or around September 29, 2016 that effectuated the acquisition of the Debtor by Worth Collection Intermediate Holdings, LLC and/or one or more other Debtor Affiliates.

B.       "And" and "or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.

C.       "Chapter 7 Case" means the chapter 7 bankruptcy case captioned as *In re The Worth Collection Ltd.*, Case No. 20-10337, currently pending before the U.S. Bankruptcy Court for the District of Delaware.

D.       "Communication" or "communications" means any contact or act by which any information or knowledge is transmitted or conveyed between two or more persons or entities, and shall include, without limitation, written contact by such means as letters, memoranda, telegrams, telex, electronic mail, text message, or by any document, and oral contact by such means as face-to-face meetings and telephone conversations.

E.       "Debtor" means The Worth Collection Ltd., a Delaware corporation, who is the subject of the Chapter 7 Case, and its divisions, departments, and other corporate subdivisions, its domestic and foreign subsidiaries and affiliates (specifically including any special purpose vehicles), its predecessors in interest, its present or former officials, executives, officers, partners, directors, members, employees, agents and all other persons acting or purporting to act on behalf of the entity, its subsidiaries, officers or predecessors, including all past or present employees exercising discretion, making policy, and making decisions or participating in any of the foregoing functions.

F.       "Debtor Affiliates" shall include any entity affiliated with or related to the Debtor including, but not limited to, Worth Collection Intermediate Holdings, LLC; Worth Investment Holding, LLC; The Worth Collection Holdings, LLC; NWC Worth Holdings, LLC; and NWC Worth Collection Holdings, LLC.

G.       "Document" is used in the broadest possible sense and includes, but is not limited to, the following items (and each draft and non-identical copy thereof): writings; recordings; photographs; financial statements; agreements; communications, including intra-company communications; correspondence; telegrams; cables; memoranda; records; books; summaries of records of personal conversations of interviews; diaries; forecasts; statistical statements; accounts; workpapers; graphs; charts; maps; diagrams; blueprints; tables; indexes; pictures; tapes; microfilms; charges; analytical records; minutes of records of meetings or conferences; reports and/or summaries of interviews; reports and/or summaries of investigations; opinions or reports of consultants; appraisals; records, reports, or summaries of negotiations; brochures; pamphlets; circulars; trade letters; press releases; contracts; stenographic, handwritten or any other notes; projections; working papers; checks, front and back; check stubs or receipts; invoice vouchers;

data tapes and sheets, data processing cards or discs, or any other computer-related data compilation; any other written, recorded, transcribed, punched, taped, filmed, or graphic matter, however produced or reproduced; and any other written documents or writings of whatever description including, but not limited to, any information contained in any computer although not yet printed out, within the possession, custody, or control of you, or of any agent, employee (including without limitation, attorneys, accountants and investment bankers or advisors), or other person acting on your behalf.

H.     "Draft" includes, but is not limited to, any preliminary form of any document, or any copy bearing notations, marks, or matter not found on the original of, any document.

I.     "Duplicate" or "copy" means a counterpart or replica produced by the same impression as the original, or from the same matrix, or by means of photography, including enlargements and miniatures, xerography, or comparable process, or by mechanical or electronic re-recording, or by chemical reproduction, or by other equivalent techniques that accurately reproduce the original.

J.     "Including" shall be construed to include the phrase "without limitation."

K.     "New Water" means New Water Capital L.P. and its divisions, departments, and other corporate subdivisions, its domestic and foreign subsidiaries and affiliates (specifically including any special purpose vehicles), its predecessors in interest, its present or former officials, executives, officers, partners, directors, employees, agents and all other persons acting or purporting to act on behalf of the entity, its subsidiaries, officers or predecessors, including all past or present employees exercising discretion, making policy, and making decisions or participating in any of the foregoing functions.

L.     "Original" when referring to a writing or recording means the writing or recording itself or any counterpart intended to have the same effect by a person executing or issuing it.  An "original" of a photograph includes the negative or any print made therefrom.  If data is stored in a computer or similar device, any printout or other output readable by sight, and shown to reflect the data accurately, is an "original."

M.     "Person" means any individual, firm, partnership, limited partnership, joint venture, limited liability company, corporation, d/b/a ("doing business as"), association, company, trust, or any other legal, government or business entity.

N.     "Possession, custody, or control" includes actual possession, but also includes constructive possession, whereby the party to whom this Request is directed has the right to compel the production of a matter or documents from a third party (including an agency, authority, or representative).

O.     "Refer to," "relate to," "reflect," or "concern" means concerning, referring to, alluding to, responding to, connecting with, commenting on, in respect of, about, regarding, discussing, showing, describing, mentioning, reflecting, analyzing, constituting, evidencing, identifying, or in any way pertinent to that certain subject.

P.     "Trustee" means Douglas T. Tabachnik, solely in his capacity as the chapter 7 trustee appointed to administer the Debtor's bankruptcy estate in the Chapter 7 Case.

## INTERROGATORIES

1.      Identify any and all persons who served as a director, officer, member, and/or manager of The Worth Collection Ltd. at any point from January 1, 2015, up to and including March 24, 2021.  With respect to each such person identified pursuant to this interrogatory, your answer should include such person's (i) name; (ii) title(s) or position(s) with The Worth Collection Ltd. and dates of service in such role(s); (iii) any e-mail address known to be used by such person, whether business or personal; and (iv) current address, and telephone number, or, if current address and telephone number are unknown, last known address and telephone number.

2.      Identify any and all persons who served as a director, officer, member, and/or manager of Worth Collection Intermediate Holdings, LLC at any point from January 1, 2015, up to and including March 24, 2021.  With respect to each such person identified pursuant to this interrogatory, your answer should include such person's (i) name; (ii) title(s) or position(s) with Worth Collection Intermediate Holdings, LLC and dates of service in such role(s); (iii) any e-mail address known to be used by such person, whether business or personal; and (iv) current address, and telephone number, or, if current address and telephone number are unknown, last known address and telephone number.

3.      Identify any and all persons who served as a director, officer, member, and/or manager of Worth Investment Holdings, LLC at any point from January 1, 2015, up to and including March 24, 2021.  With respect to each such person identified pursuant to this interrogatory, your answer should include such person's (i) name; (ii) title(s) or position(s) with Worth Investment Holdings, LLC and dates of service in such role(s); (iii) any e-mail address known to be used by such person, whether business or personal; and (iv) current address, and telephone number, or, if current address and telephone number are unknown, last known address and telephone number.

4.      Identify any and all persons who served as a director, officer, member, and/or manager of NWC Worth Collection Holdings, LLC at any point from January 1, 2015, up to and including March 24, 2021.  With respect to each such person identified pursuant to this interrogatory, your answer should include such person's (i) name; (ii) title(s) or position(s) with NWC Worth Collection Holdings, LLC and dates of service in such role(s); (iii) any e-mail address known to be used by such person, whether business or personal; and (iv) current address, and telephone number, or, if current address and telephone number are unknown, last known address and telephone number.

Dated:  February 17, 2023

**GOLDSTEIN & MCCLINTOCK LLLP**

*/s/  Daniel C. Curth*
Harley J. Goldstein, Esq.
Daniel C. Curth, Esq.
Amrit S. Kapai, Esq.
Steven Yachik, Esq.
111 W Washington Street, Suite 1221
Chicago, IL 60602
Telephone: (312) 337-7700
Email:  harleyg@goldmclaw.com
            danc@goldmclaw.com

amritk@goldmclaw.com
steveny@goldmclaw.com

*Counsel for the Chapter 7 Trustee*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 |
| | ) | |
| THE WORTH COLLECTION, LTD., | ) | |
| | ) | Case No. 20-10337 (BLS) |
| *Debtor.* | ) | |

**SUPPLEMENTAL DOCUMENT REQUESTS RELATED TO RULE 2004 DISCOVERY**

Douglas T. Tabachnik, in his capacity as the chapter 7 trustee appointed in the above-captioned bankruptcy case (the "Trustee"), hereby requests that New Water (defined below) produce responsive documents to the requests outlined herein (the "Requests") by no later than 20 days hereof, to counsel for the Trustee at the address found below:

Harley J. Goldstein, Esq.
Daniel C. Curth, Esq.
Amrit S. Kapai, Esq.
Steven Yachik, Esq.
Goldstein & McClintock LLLP
111 West Washington Street, Suite 1221
Telephone: (312) 337-7700
Email:  harleyg@goldmclaw.com
        danc@goldmclaw.com
        amritk@goldmclaw.com
        steveny@goldmclaw.com

Each of the following Requests is to be read and produced in accordance with the instructions and definitions set forth below.

**INSTRUCTIONS**

1.      You shall produce all documents described (and herein defined), including all originals, duplicates, drafts, and non-identical copies unless specifically instructed otherwise.

2.      Time Period.  Unless otherwise specified, these requests shall be limited to seek documents from January 1, 2015 to March 24, 2021.

3.      Plural/Singular.  In interpreting these requests, all references to the singular shall include the plural and references to the plural shall include the singular.

4.      Duty to Preserve Documents.  The Trustee formally requests that New Water take all necessary steps to preserve information and documents relevant to these subjects of these requests, which include, without limitation, the financial affairs and business operations of the Debtor.  Specifically, the Trustee hereby demands that New Water preserve any and all documents, writings, and Electronically Stored Information ("ESI") that may be relevant to the business operations of the Debtor and the historical data related to the payment of its accounts payable for

the four years prior the Petition Date.  Such information includes, without limitation, electronic data contained in New Water's storage records, devices, computers, and other electronic storage devices (copiers, laptops, cellphones, etc.) at its place of business and where otherwise located. New Water shall immediately take steps to preserve and retain such information.  Compliance with this request is essential, as paper printouts of text contained in electronic files do not completely reflect all information contained within the file. The evidence required to be preserved includes electronic "metadata," such as tracked changes, revision histories, authorship, deletions, and similar information related to documents and electronic files.  New Water's preservation obligations extend to all electronic processing systems, even if they are replaced.  This includes computer servers, stand-alone personal computers, hard drives, laptops, PDAs, text messaging, instant messaging, scanner or copier, and other electronic processing devices, such as jump drives. The duty to preserve such evidence may require New Water to refrain from operating (or removing or altering fixed or external hard drives and any removable storage media connected thereto) personal computers, network workstations, notebook and/or laptop computers if to do so might compromise data and information.  The duty to preserve such evidence also may require New Water to retain and preserve any backup media or other storage media, whether online or offline, and refrain from overwriting or deleting information contained thereon, which may contain electronic data identified herein.

5.     Lost or Destroyed Documents.  If any documents requested herein have been lost, discarded, or destroyed, the document so lost, discarded, or destroyed should be identified as completely as possible, including without limitation the following information:  date of disposal, manner of disposal, reason of disposal, person authorizing the disposal, and person disposing of the document.

6.     Lack of Custody.  If you claim any document herein requested is not in your possession, custody, or control, then you are directed to identify (a) the nature of the document, (b) the name, address, and telephone number of any person who has, or may have, possession, custody, or control of such demanded item, and (c) whether and how you presently have access to the document and can obtain a duplicate of it.

7.     Selection and Production of Documents.  The selection of documents from files and other sources shall be performed in such a manner as to ensure that the file or other source from which a document is obtained may be identified.  Any and all responsive data or information that exists in electronic or magnetic form must be produced.  Such information should be produced as load files and in a readable form in Microsoft Outlook, Word and/or Excel native format, produced on computer or magnetic disk, or in whatever other native format it is kept in the usual course of business, along with the codes, programs and/or programming instructions, and other materials necessary to use and access the magnetic or electronic data or information.

8.     Separation of Documents.  Documents attached to other documents or other materials shall not be separated unless sufficient records are kept to permit reconstruction of the grouping.

9.     Broad Interpretation.  The terms "and" or "or" shall be construed either disjunctively or conjunctively or both, as necessary to bring within the scope of any Request all documents and/or communications which might otherwise be construed to be outside the scope.

10.     <u>Plural/Singular</u>.  The singular form of a word should be interpreted as plural and the plural should be interpreted as singular to give the word or words the broadest possible meaning.

11.     <u>Gender Neutral</u>.  The masculine or feminine gender of any word shall be construed to include the masculine, feminine, and neuter gender.

## DEFINITIONS

A. "2016 Transaction" shall mean the series of transactions occurring on or around September 29, 2016 that effectuated the acquisition of the Debtor by Worth Collection Intermediate Holdings, LLC and/or one or more other Debtor Affiliates.

B. "And" and "or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.

C. "Balance Sheet Test" means a comparison of the present fair saleable value and fair value of a company's assets with both its current liabilities and the contingent liabilities that will take effect after a leveraged transaction.

D. "Cash Flow Test" means any evaluation of whether a company can meet its debt obligations as they become absolute and mature.

E. "Chapter 7 Case" means the chapter 7 bankruptcy case captioned as *In re The Worth Collection Ltd.*, Case No. 20-10337, currently pending before the U.S. Bankruptcy Court for the District of Delaware.

F. "Communication" or "communications" means any contact or act by which any information or knowledge is transmitted or conveyed between two or more persons or entities, and shall include, without limitation, written contact by such means as letters, memoranda, telegrams, telex, electronic mail, text message, or by any document, and oral contact by such means as face-to-face meetings and telephone conversations.

G. "Company" shall have the meaning ascribed to it in that certain Stock Purchase Agreement, dated September 29, 2016, produced by New Water and having the bates labels "NWC-0000369– NWC-0000448."

H. "Debtor" means The Worth Collection Ltd., a Delaware corporation, who is the subject of the Chapter 7 Case, and its divisions, departments, and other corporate subdivisions, its domestic and foreign subsidiaries and affiliates (specifically including any special purpose vehicles), its predecessors in interest, its present or former officials, executives, officers, partners, directors, members, employees, agents and all other persons acting or purporting to act on behalf of the entity, its subsidiaries, officers or predecessors, including all past or present employees exercising discretion, making policy, and making decisions or participating in any of the foregoing functions.

I. "Debtor Affiliates" shall include any entity affiliated with or related to the Debtor including, but not limited to, Worth Collection Intermediate Holdings, LLC; Worth Investment Holding, LLC; The Worth Collection Holdings, LLC; NWC Worth Holdings, LLC; and NWC Worth Collection Holdings, LLC.

J. "Document" is used in the broadest possible sense and includes, but is not limited to, the following items (and each draft and non-identical copy thereof): writings; recordings; photographs; financial statements; agreements; communications, including intra-company communications; correspondence; telegrams; cables; memoranda; records; books; summaries of

records of personal conversations of interviews; diaries; forecasts; statistical statements; accounts; workpapers; graphs; charts; maps; diagrams; blueprints; tables; indexes; pictures; tapes; microfilms; charges; analytical records; minutes of records of meetings or conferences; reports and/or summaries of interviews; reports and/or summaries of investigations; opinions or reports of consultants; appraisals; records, reports, or summaries of negotiations; brochures; pamphlets; circulars; trade letters; press releases; contracts; stenographic, handwritten or any other notes; projections; working papers; checks, front and back; check stubs or receipts; invoice vouchers; data tapes and sheets, data processing cards or discs, or any other computer-related data compilation; any other written, recorded, transcribed, punched, taped, filmed, or graphic matter, however produced or reproduced; and any other written documents or writings of whatever description including, but not limited to, any information contained in any computer although not yet printed out, within the possession, custody, or control of you, or of any agent, employee (including without limitation, attorneys, accountants and investment bankers or advisors), or other person acting on your behalf.

K.      "D&O Policy" means any agreement that provides liability insurance payable to the directors and officers of a company, or to the company itself, as indemnification or reimbursement for losses or advancement of defense costs in the event an insured suffers such a loss as a result of a legal action brought for alleged wrongful acts in their capacity as directors and officers. For the avoidance of doubt, this term also includes any director and/or officer insurance policy, errors and/or omissions policy, or tail coverage policy related to any director and/or officer insurance policy or errors and/or omissions policy.

L.      "Draft" includes, but is not limited to, any preliminary form of any document, or any copy bearing notations, marks, or matter not found on the original of, any document.

M.      "Duplicate" or "copy" means a counterpart or replica produced by the same impression as the original, or from the same matrix, or by means of photography, including enlargements and miniatures, xerography, or comparable process, or by mechanical or electronic re-recording, or by chemical reproduction, or by other equivalent techniques that accurately reproduce the original.

N.      "Fairness Opinion" means a report that evaluates the facts of a merger, acquisition, carve-out, spin-off, buyback, or another type of business purchase, in efforts to provide an opinion about whether or not the proposed sale is fair to the seller or buyer.

O.      "Including" shall be construed to include the phrase "without limitation."

P.      "New Water" means New Water Capital L.P. and its divisions, departments, and other corporate subdivisions, its domestic and foreign subsidiaries and affiliates (specifically including any special purpose vehicles), its predecessors in interest, its present or former officials, executives, officers, partners, directors, employees, agents and all other persons acting or purporting to act on behalf of the entity, its subsidiaries, officers or predecessors, including all past or present employees exercising discretion, making policy, and making decisions or participating in any of the foregoing functions.

Q.      "Original" when referring to a writing or recording means the writing or recording itself or any counterpart intended to have the same effect by a person executing or issuing it.  An "original" of a photograph includes the negative or any print made therefrom.  If data is stored in a computer or similar device, any printout or other output readable by sight, and shown to reflect the data accurately, is an "original."

R.      "Person" means any individual, firm, partnership, limited partnership, joint venture, limited liability company, corporation, d/b/a ("doing business as"), association, company, trust, or any other legal, government or business entity.

S.      "Possession, custody, or control" includes actual possession, but also includes constructive possession, whereby the party to whom this Request is directed has the right to compel the production of a matter or documents from a third party (including an agency, authority, or representative).

T.      "Reasonable Capital Test" means any evaluation of how much surplus capital a company will retain after a leveraged transaction with the goal of determining whether the company can withstand a downturn.

U.      "Refer to," "relate to," "reflect," or "concern" means concerning, referring to, alluding to, responding to, connecting with, commenting on, in respect of, about, regarding, discussing, showing, describing, mentioning, reflecting, analyzing, constituting, evidencing, identifying, or in any way pertinent to that certain subject.

V.      "Sellers" shall have the meaning ascribed to it in that certain Stock Purchase Agreement, dated September 29, 2016, produced by New Water and having the bates labels "NWC-0000369– NWC-0000448."

W.      "Trustee" means Douglas T. Tabachnik, solely in his capacity as the chapter 7 trustee appointed to administer the Debtor's bankruptcy estate in the Chapter 7 Case.

## REQUESTED DOCUMENTS

1.      Any and all financial analyses, business forecasts, and/or other documents concerning the value of the Company.

2.      Any and all Fairness Opinions regarding the 2016 Transaction.

3.      From January 1, 2015, up to and including March 24, 2021, any and all Balance Sheet Tests, Cash Flow Tests, and/or Reasonable Capital Tests concerning the Company.

4.      From January 1, 2015, up to and including March 24, 2021, any and all appraisals of the Company and any and all of its assets.

5.      From January 1, 2015, up to and including March 24, 2021, any and all term sheets, letters of intent, and/or other documents evidencing a "bid" or offer to purchase the business or any part of the Company.

6.     Any and all financial analyses, projections, business forecasts, and/or other documents concerning the solvency of the Company following the occurrence of the 2016 Transaction.

7.     From January 1, 2015, up to and including March 24, 2021, any and all cash flow statements concerning the Debtor.

8.     From January 1, 2015, up to and including March 24, 2021, any and all cash flow statements concerning the Debtor Affiliates.

9.     From January 1, 2015, up to and including March 24, 2021, any and all budgets prepared by, on behalf of, or for, the Debtor.

10.     From January 1, 2015, up to and including March 24, 2021, any and all budgets prepared by, on behalf of, or for, the Debtor Affiliates.

11.     From January 1, 2015, up to and including March 24, 2021, any and all profit and loss statements prepared by, on behalf of, or for, the Debtor Affiliates.

12.     From January 1, 2015, up to and including March 24, 2021, any and all profit and loss statements prepared by, on behalf of, or for, the Debtor.

13.     Copies of all D&O Policies, from January 1, 2015, up to and including the present, in which the Debtor's name appears.

14.     Copies of all D&O Policies, from January 1, 2015, up to and including the present, in which the names of one or more of the Debtor Affiliates appears.

Dated:  February 17, 2023

**GOLDSTEIN & McCLINTOCK LLLP**

*/s/  Daniel C. Curth*

Harley J. Goldstein, Esq.
Daniel C. Curth, Esq.
Amrit S. Kapai, Esq.
Steven Yachik, Esq.
111 W Washington Street, Suite 1221
Chicago, IL 60602
Telephone: (312) 337-7700
Email:  harleyg@goldmclaw.com
      danc@goldmclaw.com
      amritk@goldmclaw.com
      steveny@goldmclaw.com

*Counsel for the Chapter 7 Trustee*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 |
| | ) | |
| THE WORTH COLLECTION, LTD., | ) | |
| | ) | Case No. 20-10337 (BLS) |
| *Debtor.* | ) | |

**SUPPLEMENTAL DOCUMENT REQUESTS RELATED TO RULE 2004 DISCOVERY**

Douglas T. Tabachnik, in his capacity as the chapter 7 trustee appointed in the above-captioned bankruptcy case (the "Trustee"), hereby requests that NWC Worth Collection Holdings, LLC ("NWC Holdings") produce responsive documents to the requests outlined herein (the "Requests") by no later than 20 days hereof, to counsel for the Trustee at the address found below:

Harley J. Goldstein, Esq.
Daniel C. Curth, Esq.
Amrit S. Kapai, Esq.
Steven Yachik, Esq.
Goldstein & McClintock LLLP
111 West Washington Street, Suite 1221
Telephone: (312) 337-7700
Email:  harleyg@goldmclaw.com
        danc@goldmclaw.com
        amritk@goldmclaw.com
        steveny@goldmclaw.com

Each of the following Requests is to be read and produced in accordance with the instructions and definitions set forth below.

**INSTRUCTIONS**

1.      You shall produce all documents described (and herein defined), including all originals, duplicates, drafts, and non-identical copies unless specifically instructed otherwise.

2.      Time Period.  Unless otherwise specified, these requests shall be limited to seek documents from January 1, 2015 to March 24, 2021.

3.      Plural/Singular.  In interpreting these requests, all references to the singular shall include the plural and references to the plural shall include the singular.

4.      Duty to Preserve Documents.  The Trustee formally requests that NWC Holdings take all necessary steps to preserve information and documents relevant to these subjects of these requests, which include, without limitation, the financial affairs and business operations of the Debtor.  Specifically, the Trustee hereby demands that NWC Holdings preserve any and all documents, writings, and Electronically Stored Information ("ESI") that may be relevant to the business operations of the Debtor and the historical data related to the payment of its accounts

payable for the four years prior the Petition Date.  Such information includes, without limitation, electronic data contained in NWC Holdings's storage records, devices, computers, and other electronic storage devices (copiers, laptops, cellphones, etc.) at its place of business and where otherwise located.  NWC Holdings shall immediately take steps to preserve and retain such information.  Compliance with this request is essential, as paper printouts of text contained in electronic files do not completely reflect all information contained within the file. The evidence required to be preserved includes electronic "metadata," such as tracked changes, revision histories, authorship, deletions, and similar information related to documents and electronic files. NWC Holdings's preservation obligations extend to all electronic processing systems, even if they are replaced.  This includes computer servers, stand-alone personal computers, hard drives, laptops, PDAs, text messaging, instant messaging, scanner or copier, and other electronic processing devices, such as jump drives.  The duty to preserve such evidence may require NWC Holdings to refrain from operating (or removing or altering fixed or external hard drives and any removable storage media connected thereto) personal computers, network workstations, notebook and/or laptop computers if to do so might compromise data and information.  The duty to preserve such evidence also may require NWC Holdings to retain and preserve any backup media or other storage media, whether online or offline, and refrain from overwriting or deleting information contained thereon, which may contain electronic data identified herein.

5.      Lost or Destroyed Documents.  If any documents requested herein have been lost, discarded, or destroyed, the document so lost, discarded, or destroyed should be identified as completely as possible, including without limitation the following information:  date of disposal, manner of disposal, reason of disposal, person authorizing the disposal, and person disposing of the document.

6.      Lack of Custody.  If you claim any document herein requested is not in your possession, custody, or control, then you are directed to identify (a) the nature of the document, (b) the name, address, and telephone number of any person who has, or may have, possession, custody, or control of such demanded item, and (c) whether and how you presently have access to the document and can obtain a duplicate of it.

7.      Selection and Production of Documents.  The selection of documents from files and other sources shall be performed in such a manner as to ensure that the file or other source from which a document is obtained may be identified.  Any and all responsive data or information that exists in electronic or magnetic form must be produced.  Such information should be produced as load files and in a readable form in Microsoft Outlook, Word and/or Excel native format, produced on computer or magnetic disk, or in whatever other native format it is kept in the usual course of business, along with the codes, programs and/or programming instructions, and other materials necessary to use and access the magnetic or electronic data or information.

8.      Separation of Documents.  Documents attached to other documents or other materials shall not be separated unless sufficient records are kept to permit reconstruction of the grouping.

9.      Broad Interpretation.  The terms "and" or "or" shall be construed either disjunctively or conjunctively or both, as necessary to bring within the scope of any Request all documents and/or communications which might otherwise be construed to be outside the scope.

10.     <u>Plural/Singular</u>.  The singular form of a word should be interpreted as plural and the plural should be interpreted as singular to give the word or words the broadest possible meaning.

11.     <u>Gender Neutral</u>.  The masculine or feminine gender of any word shall be construed to include the masculine, feminine, and neuter gender.

## **DEFINITIONS**

A.      "2016 Transaction" shall mean the series of transactions occurring on or around September 29, 2016 that effectuated the acquisition of the Debtor by Worth Collection Intermediate Holdings, LLC and/or one or more other Debtor Affiliates.

B.      "And" and "or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.

C.      "Balance Sheet Test" means a comparison of the present fair saleable value and fair value of a company's assets with both its current liabilities and the contingent liabilities that will take effect after a leveraged transaction.

D.      "Cash Flow Test" means any evaluation of whether a company can meet its debt obligations as they become absolute and mature.

E.      "Chapter 7 Case" means the chapter 7 bankruptcy case captioned as *In re The Worth Collection Ltd.*, Case No. 20-10337, currently pending before the U.S. Bankruptcy Court for the District of Delaware.

F.      "Communication" or "communications" means any contact or act by which any information or knowledge is transmitted or conveyed between two or more persons or entities, and shall include, without limitation, written contact by such means as letters, memoranda, telegrams, telex, electronic mail, text message, or by any document, and oral contact by such means as face-to-face meetings and telephone conversations.

G.      "Company" shall have the meaning ascribed to it in that certain Stock Purchase Agreement, dated September 29, 2016, produced by New Water and having the bates labels "NWC-0000369– NWC-0000448."

H.      "Debtor" means The Worth Collection Ltd., a Delaware corporation, who is the subject of the Chapter 7 Case, and its divisions, departments, and other corporate subdivisions, its domestic and foreign subsidiaries and affiliates (specifically including any special purpose vehicles), its predecessors in interest, its present or former officials, executives, officers, partners, directors, members, employees, agents and all other persons acting or purporting to act on behalf of the entity, its subsidiaries, officers or predecessors, including all past or present employees exercising discretion, making policy, and making decisions or participating in any of the foregoing functions.

I.      "Debtor Affiliates" shall include any entity affiliated with or related to the Debtor including, but not limited to, Worth Collection Intermediate Holdings, LLC; Worth Investment Holding, LLC; The Worth Collection Holdings, LLC; NWC Worth Holdings, LLC; and NWC Worth Collection Holdings, LLC.

J.      "Document" is used in the broadest possible sense and includes, but is not limited to, the following items (and each draft and non-identical copy thereof): writings; recordings; photographs; financial statements; agreements; communications, including intra-company communications; correspondence; telegrams; cables; memoranda; records; books; summaries of

records of personal conversations of interviews; diaries; forecasts; statistical statements; accounts; workpapers; graphs; charts; maps; diagrams; blueprints; tables; indexes; pictures; tapes; microfilms; charges; analytical records; minutes of records of meetings or conferences; reports and/or summaries of interviews; reports and/or summaries of investigations; opinions or reports of consultants; appraisals; records, reports, or summaries of negotiations; brochures; pamphlets; circulars; trade letters; press releases; contracts; stenographic, handwritten or any other notes; projections; working papers; checks, front and back; check stubs or receipts; invoice vouchers; data tapes and sheets, data processing cards or discs, or any other computer-related data compilation; any other written, recorded, transcribed, punched, taped, filmed, or graphic matter, however produced or reproduced; and any other written documents or writings of whatever description including, but not limited to, any information contained in any computer although not yet printed out, within the possession, custody, or control of you, or of any agent, employee (including without limitation, attorneys, accountants and investment bankers or advisors), or other person acting on your behalf.

K.     "D&O Policy"  means any agreement that provides liability insurance payable to the directors and officers of a company, or to the company itself, as indemnification or reimbursement for losses or advancement of defense costs in the event an insured suffers such a loss as a result of a legal action brought for alleged wrongful acts in their capacity as directors and officers.  For the avoidance of doubt, this term also includes any director and/or officer insurance policy, errors and/or omissions policy, or tail coverage policy related to any director and/or officer insurance policy or errors and/or omissions policy.

L.     "Draft" includes, but is not limited to, any preliminary form of any document, or any copy bearing notations, marks, or matter not found on the original of, any document.

M.     "Duplicate" or "copy" means a counterpart or replica produced by the same impression as the original, or from the same matrix, or by means of photography, including enlargements and miniatures, xerography, or comparable process, or by mechanical or electronic re-recording, or by chemical reproduction, or by other equivalent techniques that accurately reproduce the original.

N.     "Fairness Opinion" means a report that evaluates the facts of a merger, acquisition, carve-out, spin-off, buyback, or another type of business purchase, in efforts to provide an opinion about whether or not the proposed sale is fair to the seller or buyer.

O.     "Including" shall be construed to include the phrase "without limitation."

P.     "New Water" means New Water Capital L.P. and its divisions, departments, and other corporate subdivisions, its domestic and foreign subsidiaries and affiliates (specifically including any special purpose vehicles), its predecessors in interest, its present or former officials, executives, officers, partners, directors, employees, agents and all other persons acting or purporting to act on behalf of the entity, its subsidiaries, officers or predecessors, including all past or present employees exercising discretion, making policy, and making decisions or participating in any of the foregoing functions.

Q.      "Original" when referring to a writing or recording means the writing or recording itself or any counterpart intended to have the same effect by a person executing or issuing it.  An "original" of a photograph includes the negative or any print made therefrom.  If data is stored in a computer or similar device, any printout or other output readable by sight, and shown to reflect the data accurately, is an "original."

R.      "Person" means any individual, firm, partnership, limited partnership, joint venture, limited liability company, corporation, d/b/a ("doing business as"), association, company, trust, or any other legal, government or business entity.

S.      "Possession, custody, or control" includes actual possession, but also includes constructive possession, whereby the party to whom this Request is directed has the right to compel the production of a matter or documents from a third party (including an agency, authority, or representative).

T.      "Reasonable Capital Test" means any evaluation of how much surplus capital a company will retain after a leveraged transaction with the goal of determining whether the company can withstand a downturn.

U.      "Refer to," "relate to," "reflect," or "concern" means concerning, referring to, alluding to, responding to, connecting with, commenting on, in respect of, about, regarding, discussing, showing, describing, mentioning, reflecting, analyzing, constituting, evidencing, identifying, or in any way pertinent to that certain subject.

V.      "Sellers" shall have the meaning ascribed to it in that certain Stock Purchase Agreement, dated September 29, 2016, produced by New Water and having the bates labels "NWC-0000369– NWC-0000448."

W.      "Trustee" means Douglas T. Tabachnik, solely in his capacity as the chapter 7 trustee appointed to administer the Debtor's bankruptcy estate in the Chapter 7 Case.

## REQUESTED DOCUMENTS

1.      Any and all financial analyses, business forecasts, and/or other documents concerning the value of the Company.

2.      Any and all Fairness Opinions regarding the 2016 Transaction.

3.      From January 1, 2015, up to and including March 24, 2021, any and all Balance Sheet Tests, Cash Flow Tests, and/or Reasonable Capital Tests concerning the Company.

4.      From January 1, 2015, up to and including March 24, 2021, any and all appraisals of the Company and any and all of its assets.

5.      From January 1, 2015, up to and including March 24, 2021, any and all term sheets, letters of intent, and/or other documents evidencing a "bid" or offer to purchase the business or any part of the Company.

6.      Any and all financial analyses, projections, business forecasts, and/or other documents concerning the solvency of the Company following the occurrence of the 2016 Transaction.

7.      From January 1, 2015, up to and including March 24, 2021, any and all cash flow statements concerning the Debtor.

8.      From January 1, 2015, up to and including March 24, 2021, any and all cash flow statements concerning the Debtor Affiliates.

9.      From January 1, 2015, up to and including March 24, 2021, any and all budgets prepared by, on behalf of, or for, the Debtor.

10.     From January 1, 2015, up to and including March 24, 2021, any and all budgets prepared by, on behalf of, or for, the Debtor Affiliates.

11.     From January 1, 2015, up to and including March 24, 2021, any and all profit and loss statements prepared by, on behalf of, or for, the Debtor Affiliates.

12.     From January 1, 2015, up to and including March 24, 2021, any and all profit and loss statements prepared by, on behalf of, or for, the Debtor.

13.     Copies of all D&O Policies, from January 1, 2015, up to and including the present, in which the Debtor's name appears.

14.     Copies of all D&O Policies, from January 1, 2015, up to and including the present, in which the names of one or more of the Debtor Affiliates appears.

Dated:  February 17, 2023

**GOLDSTEIN & MCCLINTOCK LLLP**

*/s/  Daniel C. Curth*

Harley J. Goldstein, Esq.
Daniel C. Curth, Esq.
Amrit S. Kapai, Esq.
Steven Yachik, Esq.
111 W Washington Street, Suite 1221
Chicago, IL 60602
Telephone: (312) 337-7700
Email:  harleyg@goldmclaw.com
          danc@goldmclaw.com
          amritk@goldmclaw.com
          steveny@goldmclaw.com

*Counsel for the Chapter 7 Trustee*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 |
| | ) | |
| THE WORTH COLLECTION, LTD., | ) | |
| | ) | Case No. 20-10337 (BLS) |
| *Debtor.* | ) | |

**SUPPLEMENTAL DOCUMENT REQUESTS RELATED TO RULE 2004 DISCOVERY**

Douglas T. Tabachnik, in his capacity as the chapter 7 trustee appointed in the above-captioned bankruptcy case (the "Trustee"), hereby requests that Worth Investment Holdings, LLC ("WIH") produce responsive documents to the requests outlined herein (the "Requests") by no later than 20 days hereof, to counsel for the Trustee at the address found below:

Harley J. Goldstein, Esq.
Daniel C. Curth, Esq.
Amrit S. Kapai, Esq.
Steven Yachik, Esq.
Goldstein & McClintock LLLP
111 West Washington Street, Suite 1221
Telephone: (312) 337-7700
Email:  harleyg@goldmclaw.com
           danc@goldmclaw.com
           amritk@goldmclaw.com
           steveny@goldmclaw.com

Each of the following Requests is to be read and produced in accordance with the instructions and definitions set forth below.

**INSTRUCTIONS**

1.      You shall produce all documents described (and herein defined), including all originals, duplicates, drafts, and non-identical copies unless specifically instructed otherwise.

2.      <u>Time Period</u>.  Unless otherwise specified, these requests shall be limited to seek documents from January 1, 2015 to March 24, 2021.

3.      <u>Plural/Singular</u>.  In interpreting these requests, all references to the singular shall include the plural and references to the plural shall include the singular.

4.      <u>Duty to Preserve Documents</u>.  The Trustee formally requests that WIH take all necessary steps to preserve information and documents relevant to these subjects of these requests, which include, without limitation, the financial affairs and business operations of the Debtor. Specifically, the Trustee hereby demands that WIH preserve any and all documents, writings, and Electronically Stored Information ("ESI") that may be relevant to the business operations of the Debtor and the historical data related to the payment of its accounts payable for the four years prior

the Petition Date.  Such information includes, without limitation, electronic data contained in WIH's storage records, devices, computers, and other electronic storage devices (copiers, laptops, cellphones, etc.) at its place of business and where otherwise located.  WIH shall immediately take steps to preserve and retain such information.  Compliance with this request is essential, as paper printouts of text contained in electronic files do not completely reflect all information contained within the file. The evidence required to be preserved includes electronic "metadata," such as tracked changes, revision histories, authorship, deletions, and similar information related to documents and electronic files.  WIH's preservation obligations extend to all electronic processing systems, even if they are replaced.   This includes computer servers, stand-alone personal computers, hard drives, laptops, PDAs, text messaging, instant messaging, scanner or copier, and other electronic processing devices, such as jump drives.  The duty to preserve such evidence may require WIH to refrain from operating (or removing or altering fixed or external hard drives and any removable storage media connected thereto) personal computers, network workstations, notebook and/or laptop computers if to do so might compromise data and information.  The duty to preserve such evidence also may require WIH to retain and preserve any backup media or other storage media, whether online or offline, and refrain from overwriting or deleting information contained thereon, which may contain electronic data identified herein.

5.      Lost or Destroyed Documents.  If any documents requested herein have been lost, discarded, or destroyed, the document so lost, discarded, or destroyed should be identified as completely as possible, including without limitation the following information:  date of disposal, manner of disposal, reason of disposal, person authorizing the disposal, and person disposing of the document.

6.      Lack of Custody.  If you claim any document herein requested is not in your possession, custody, or control, then you are directed to identify (a) the nature of the document, (b) the name, address, and telephone number of any person who has, or may have, possession, custody, or control of such demanded item, and (c) whether and how you presently have access to the document and can obtain a duplicate of it.

7.      Selection and Production of Documents.  The selection of documents from files and other sources shall be performed in such a manner as to ensure that the file or other source from which a document is obtained may be identified.  Any and all responsive data or information that exists in electronic or magnetic form must be produced.  Such information should be produced as load files and in a readable form in Microsoft Outlook, Word and/or Excel native format, produced on computer or magnetic disk, or in whatever other native format it is kept in the usual course of business, along with the codes, programs and/or programming instructions, and other materials necessary to use and access the magnetic or electronic data or information.

8.      Separation of Documents.  Documents attached to other documents or other materials shall not be separated unless sufficient records are kept to permit reconstruction of the grouping.

9.      Broad Interpretation.   The terms "and" or "or" shall be construed either disjunctively or conjunctively or both, as necessary to bring within the scope of any Request all documents and/or communications which might otherwise be construed to be outside the scope.

10.     <u>Plural/Singular</u>.  The singular form of a word should be interpreted as plural and the plural should be interpreted as singular to give the word or words the broadest possible meaning.

11.     <u>Gender Neutral</u>.  The masculine or feminine gender of any word shall be construed to include the masculine, feminine, and neuter gender.

# DEFINITIONS

A.      "2016 Transaction" shall mean the series of transactions occurring on or around September 29, 2016 that effectuated the acquisition of the Debtor by Worth Collection Intermediate Holdings, LLC and/or one or more other Debtor Affiliates.

B.      "And" and "or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.

C.      "Balance Sheet Test" means a comparison of the present fair saleable value and fair value of a company's assets with both its current liabilities and the contingent liabilities that will take effect after a leveraged transaction.

D.      "Cash Flow Test" means any evaluation of whether a company can meet its debt obligations as they become absolute and mature.

E.      "Chapter 7 Case" means the chapter 7 bankruptcy case captioned as *In re The Worth Collection Ltd.*, Case No. 20-10337, currently pending before the U.S. Bankruptcy Court for the District of Delaware.

F.      "Communication" or "communications" means any contact or act by which any information or knowledge is transmitted or conveyed between two or more persons or entities, and shall include, without limitation, written contact by such means as letters, memoranda, telegrams, telex, electronic mail, text message, or by any document, and oral contact by such means as face-to-face meetings and telephone conversations.

G.      "Company" shall have the meaning ascribed to it in that certain Stock Purchase Agreement, dated September 29, 2016, produced by New Water and having the bates labels "NWC-0000369– NWC-0000448."

H.      "Debtor" means The Worth Collection Ltd., a Delaware corporation, who is the subject of the Chapter 7 Case, and its divisions, departments, and other corporate subdivisions, its domestic and foreign subsidiaries and affiliates (specifically including any special purpose vehicles), its predecessors in interest, its present or former officials, executives, officers, partners, directors, members, employees, agents and all other persons acting or purporting to act on behalf of the entity, its subsidiaries, officers or predecessors, including all past or present employees exercising discretion, making policy, and making decisions or participating in any of the foregoing functions.

I.      "Debtor Affiliates" shall include any entity affiliated with or related to the Debtor including, but not limited to, Worth Collection Intermediate Holdings, LLC; Worth Investment Holding, LLC; The Worth Collection Holdings, LLC; NWC Worth Holdings, LLC; and NWC Worth Collection Holdings, LLC.

J.      "Document" is used in the broadest possible sense and includes, but is not limited to, the following items (and each draft and non-identical copy thereof): writings; recordings; photographs; financial statements; agreements; communications, including intra-company communications; correspondence; telegrams; cables; memoranda; records; books; summaries of

records of personal conversations of interviews; diaries; forecasts; statistical statements; accounts; workpapers; graphs; charts; maps; diagrams; blueprints; tables; indexes; pictures; tapes; microfilms; charges; analytical records; minutes of records of meetings or conferences; reports and/or summaries of interviews; reports and/or summaries of investigations; opinions or reports of consultants; appraisals; records, reports, or summaries of negotiations; brochures; pamphlets; circulars; trade letters; press releases; contracts; stenographic, handwritten or any other notes; projections; working papers; checks, front and back; check stubs or receipts; invoice vouchers; data tapes and sheets, data processing cards or discs, or any other computer-related data compilation; any other written, recorded, transcribed, punched, taped, filmed, or graphic matter, however produced or reproduced; and any other written documents or writings of whatever description including, but not limited to, any information contained in any computer although not yet printed out, within the possession, custody, or control of you, or of any agent, employee (including without limitation, attorneys, accountants and investment bankers or advisors), or other person acting on your behalf.

K.      "D&O Policy"  means any agreement that provides liability insurance payable to the directors and officers of a company, or to the company itself, as indemnification or reimbursement for losses or advancement of defense costs in the event an insured suffers such a loss as a result of a legal action brought for alleged wrongful acts in their capacity as directors and officers.  For the avoidance of doubt, this term also includes any director and/or officer insurance policy, errors and/or omissions policy, or tail coverage policy related to any director and/or officer insurance policy or errors and/or omissions policy.

L.      "Draft" includes, but is not limited to, any preliminary form of any document, or any copy bearing notations, marks, or matter not found on the original of, any document.

M.      "Duplicate" or "copy" means a counterpart or replica produced by the same impression as the original, or from the same matrix, or by means of photography, including enlargements and miniatures, xerography, or comparable process, or by mechanical or electronic re-recording, or by chemical reproduction, or by other equivalent techniques that accurately reproduce the original.

N.      "Fairness Opinion" means a report that evaluates the facts of a merger, acquisition, carve-out, spin-off, buyback, or another type of business purchase, in efforts to provide an opinion about whether or not the proposed sale is fair to the seller or buyer.

O.      "Including" shall be construed to include the phrase "without limitation."

P.      "New Water" means New Water Capital L.P. and its divisions, departments, and other corporate subdivisions, its domestic and foreign subsidiaries and affiliates (specifically including any special purpose vehicles), its predecessors in interest, its present or former officials, executives, officers, partners, directors, employees, agents and all other persons acting or purporting to act on behalf of the entity, its subsidiaries, officers or predecessors, including all past or present employees exercising discretion, making policy, and making decisions or participating in any of the foregoing functions.

Q.      "Original" when referring to a writing or recording means the writing or recording itself or any counterpart intended to have the same effect by a person executing or issuing it.  An "original" of a photograph includes the negative or any print made therefrom.  If data is stored in a computer or similar device, any printout or other output readable by sight, and shown to reflect the data accurately, is an "original."

R.      "Person" means any individual, firm, partnership, limited partnership, joint venture, limited liability company, corporation, d/b/a ("doing business as"), association, company, trust, or any other legal, government or business entity.

S.      "Possession, custody, or control" includes actual possession, but also includes constructive possession, whereby the party to whom this Request is directed has the right to compel the production of a matter or documents from a third party (including an agency, authority, or representative).

T.      "Reasonable Capital Test" means any evaluation of how much surplus capital a company will retain after a leveraged transaction with the goal of determining whether the company can withstand a downturn.

U.      "Refer to," "relate to," "reflect," or "concern" means concerning, referring to, alluding to, responding to, connecting with, commenting on, in respect of, about, regarding, discussing, showing, describing, mentioning, reflecting, analyzing, constituting, evidencing, identifying, or in any way pertinent to that certain subject.

V.      "Sellers" shall have the meaning ascribed to it in that certain Stock Purchase Agreement, dated September 29, 2016, produced by New Water and having the bates labels "NWC-0000369– NWC-0000448."

W.      "Trustee" means Douglas T. Tabachnik, solely in his capacity as the chapter 7 trustee appointed to administer the Debtor's bankruptcy estate in the Chapter 7 Case.

## REQUESTED DOCUMENTS

1.      Any and all financial analyses, business forecasts, and/or other documents concerning the value of the Company.

2.      Any and all Fairness Opinions regarding the 2016 Transaction.

3.      From January 1, 2015, up to and including March 24, 2021, any and all Balance Sheet Tests, Cash Flow Tests, and/or Reasonable Capital Tests concerning the Company.

4.      From January 1, 2015, up to and including March 24, 2021, any and all appraisals of the Company and any and all of its assets.

5.      From January 1, 2015, up to and including March 24, 2021, any and all term sheets, letters of intent, and/or other documents evidencing a "bid" or offer to purchase the business or any part of the Company.

6.     Any and all financial analyses, projections, business forecasts, and/or other documents concerning the solvency of the Company following the occurrence of the 2016 Transaction.

7.     From January 1, 2015, up to and including March 24, 2021, any and all cash flow statements concerning the Debtor.

8.     From January 1, 2015, up to and including March 24, 2021, any and all cash flow statements concerning the Debtor Affiliates.

9.     From January 1, 2015, up to and including March 24, 2021, any and all budgets prepared by, on behalf of, or for, the Debtor.

10.     From January 1, 2015, up to and including March 24, 2021, any and all budgets prepared by, on behalf of, or for, the Debtor Affiliates.

11.     From January 1, 2015, up to and including March 24, 2021, any and all profit and loss statements prepared by, on behalf of, or for, the Debtor Affiliates.

12.     From January 1, 2015, up to and including March 24, 2021, any and all profit and loss statements prepared by, on behalf of, or for, the Debtor.

13.     Copies of all D&O Policies, from January 1, 2015, up to and including the present, in which the Debtor's name appears.

14.     Copies of all D&O Policies, from January 1, 2015, up to and including the present, in which the names of one or more of the Debtor Affiliates appears.

Dated:  February 17, 2023

**GOLDSTEIN & MCCLINTOCK LLLP**

/s/  Daniel C. Curth

Harley J. Goldstein, Esq.
Daniel C. Curth, Esq.
Amrit S. Kapai, Esq.
Steven Yachik, Esq.
111 W Washington Street, Suite 1221
Chicago, IL 60602
Telephone: (312) 337-7700
Email:  harleyg@goldmclaw.com
        danc@goldmclaw.com
        amritk@goldmclaw.com
        steveny@goldmclaw.com

*Counsel for the Chapter 7 Trustee*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 |
| | ) | |
| THE WORTH COLLECTION, LTD., | ) | |
| | ) | Case No. 20-10337 (BLS) |
| *Debtor.* | ) | |

**SUPPLEMENTAL DOCUMENT REQUESTS RELATED TO RULE 2004 DISCOVERY**

Douglas T. Tabachnik, in his capacity as the chapter 7 trustee appointed in the above-captioned bankruptcy case (the "Trustee"), hereby requests that Worth Collection Intermediate Holdings, LLC ("Worth Intermediate") produce responsive documents to the requests outlined herein (the "Requests") by no later than 20 days hereof, to counsel for the Trustee at the address found below:

> Harley J. Goldstein, Esq.
> Daniel C. Curth, Esq.
> Amrit S. Kapai, Esq.
> Steven Yachik, Esq.
> Goldstein & McClintock LLLP
> 111 West Washington Street, Suite 1221
> Telephone: (312) 337-7700
> Email:  harleyg@goldmclaw.com
> danc@goldmclaw.com
> amritk@goldmclaw.com
> steveny@goldmclaw.com

Each of the following Requests is to be read and produced in accordance with the instructions and definitions set forth below.

**INSTRUCTIONS**

1.      You shall produce all documents described (and herein defined), including all originals, duplicates, drafts, and non-identical copies unless specifically instructed otherwise.

2.      Time Period.  Unless otherwise specified, these requests shall be limited to seek documents from January 1, 2015 to March 24, 2021.

3.      Plural/Singular.  In interpreting these requests, all references to the singular shall include the plural and references to the plural shall include the singular.

4.      Duty to Preserve Documents.  The Trustee formally requests that Worth Intermediate take all necessary steps to preserve information and documents relevant to these subjects of these requests, which include, without limitation, the financial affairs and business operations of the Debtor.  Specifically, the Trustee hereby demands that Worth Intermediate preserve any and all documents, writings, and Electronically Stored Information ("ESI") that may

be relevant to the business operations of the Debtor and the historical data related to the payment of its accounts payable for the four years prior the Petition Date. Such information includes, without limitation, electronic data contained in Worth Intermediate's storage records, devices, computers, and other electronic storage devices (copiers, laptops, cellphones, etc.) at its place of business and where otherwise located. Worth Intermediate shall immediately take steps to preserve and retain such information. Compliance with this request is essential, as paper printouts of text contained in electronic files do not completely reflect all information contained within the file. The evidence required to be preserved includes electronic "metadata," such as tracked changes, revision histories, authorship, deletions, and similar information related to documents and electronic files. Worth Intermediate's preservation obligations extend to all electronic processing systems, even if they are replaced. This includes computer servers, stand-alone personal computers, hard drives, laptops, PDAs, text messaging, instant messaging, scanner or copier, and other electronic processing devices, such as jump drives. The duty to preserve such evidence may require Worth Intermediate to refrain from operating (or removing or altering fixed or external hard drives and any removable storage media connected thereto) personal computers, network workstations, notebook and/or laptop computers if to do so might compromise data and information. The duty to preserve such evidence also may require Worth Intermediate to retain and preserve any backup media or other storage media, whether online or offline, and refrain from overwriting or deleting information contained thereon, which may contain electronic data identified herein.

5.      Lost or Destroyed Documents. If any documents requested herein have been lost, discarded, or destroyed, the document so lost, discarded, or destroyed should be identified as completely as possible, including without limitation the following information: date of disposal, manner of disposal, reason of disposal, person authorizing the disposal, and person disposing of the document.

6.      Lack of Custody. If you claim any document herein requested is not in your possession, custody, or control, then you are directed to identify (a) the nature of the document, (b) the name, address, and telephone number of any person who has, or may have, possession, custody, or control of such demanded item, and (c) whether and how you presently have access to the document and can obtain a duplicate of it.

7.      Selection and Production of Documents. The selection of documents from files and other sources shall be performed in such a manner as to ensure that the file or other source from which a document is obtained may be identified. Any and all responsive data or information that exists in electronic or magnetic form must be produced. Such information should be produced as load files and in a readable form in Microsoft Outlook, Word and/or Excel native format, produced on computer or magnetic disk, or in whatever other native format it is kept in the usual course of business, along with the codes, programs and/or programming instructions, and other materials necessary to use and access the magnetic or electronic data or information.

8.      Separation of Documents. Documents attached to other documents or other materials shall not be separated unless sufficient records are kept to permit reconstruction of the grouping.

9.     <u>Broad Interpretation</u>.    The terms "and" or "or" shall be construed either disjunctively or conjunctively or both, as necessary to bring within the scope of any Request all documents and/or communications which might otherwise be construed to be outside the scope.

10.     <u>Plural/Singular</u>.  The singular form of a word should be interpreted as plural and the plural should be interpreted as singular to give the word or words the broadest possible meaning.

11.     <u>Gender Neutral</u>.  The masculine or feminine gender of any word shall be construed to include the masculine, feminine, and neuter gender.

## DEFINITIONS

A.      "2016 Transaction" shall mean the series of transactions occurring on or around September 29, 2016 that effectuated the acquisition of the Debtor by Worth Collection Intermediate Holdings, LLC and/or one or more other Debtor Affiliates.

B.      "And" and "or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.

C.      "Balance Sheet Test" means a comparison of the present fair saleable value and fair value of a company's assets with both its current liabilities and the contingent liabilities that will take effect after a leveraged transaction.

D.      "Cash Flow Test" means any evaluation of whether a company can meet its debt obligations as they become absolute and mature.

E.      "Chapter 7 Case" means the chapter 7 bankruptcy case captioned as *In re The Worth Collection Ltd.*, Case No. 20-10337, currently pending before the U.S. Bankruptcy Court for the District of Delaware.

F.      "Communication" or "communications" means any contact or act by which any information or knowledge is transmitted or conveyed between two or more persons or entities, and shall include, without limitation, written contact by such means as letters, memoranda, telegrams, telex, electronic mail, text message, or by any document, and oral contact by such means as face-to-face meetings and telephone conversations.

G.      "Company" shall have the meaning ascribed to it in that certain Stock Purchase Agreement, dated September 29, 2016, produced by New Water and having the bates labels "NWC-0000369– NWC-0000448."

H.      "Debtor" means The Worth Collection Ltd., a Delaware corporation, who is the subject of the Chapter 7 Case, and its divisions, departments, and other corporate subdivisions, its domestic and foreign subsidiaries and affiliates (specifically including any special purpose vehicles), its predecessors in interest, its present or former officials, executives, officers, partners, directors, members, employees, agents and all other persons acting or purporting to act on behalf of the entity, its subsidiaries, officers or predecessors, including all past or present employees exercising discretion, making policy, and making decisions or participating in any of the foregoing functions.

I.      "Debtor Affiliates" shall include any entity affiliated with or related to the Debtor including, but not limited to, Worth Collection Intermediate Holdings, LLC; Worth Investment Holding, LLC; The Worth Collection Holdings, LLC; NWC Worth Holdings, LLC; and NWC Worth Collection Holdings, LLC.

J.      "Document" is used in the broadest possible sense and includes, but is not limited to, the following items (and each draft and non-identical copy thereof): writings; recordings; photographs; financial statements; agreements; communications, including intra-company communications; correspondence; telegrams; cables; memoranda; records; books; summaries of

records of personal conversations of interviews; diaries; forecasts; statistical statements; accounts; workpapers; graphs; charts; maps; diagrams; blueprints; tables; indexes; pictures; tapes; microfilms; charges; analytical records; minutes of records of meetings or conferences; reports and/or summaries of interviews; reports and/or summaries of investigations; opinions or reports of consultants; appraisals; records, reports, or summaries of negotiations; brochures; pamphlets; circulars; trade letters; press releases; contracts; stenographic, handwritten or any other notes; projections; working papers; checks, front and back; check stubs or receipts; invoice vouchers; data tapes and sheets, data processing cards or discs, or any other computer-related data compilation; any other written, recorded, transcribed, punched, taped, filmed, or graphic matter, however produced or reproduced; and any other written documents or writings of whatever description including, but not limited to, any information contained in any computer although not yet printed out, within the possession, custody, or control of you, or of any agent, employee (including without limitation, attorneys, accountants and investment bankers or advisors), or other person acting on your behalf.

K.    "D&O Policy"  means any agreement that provides liability insurance payable to the directors and officers of a company, or to the company itself, as indemnification or reimbursement for losses or advancement of defense costs in the event an insured suffers such a loss as a result of a legal action brought for alleged wrongful acts in their capacity as directors and officers.  For the avoidance of doubt, this term also includes any director and/or officer insurance policy, errors and/or omissions policy, or tail coverage policy related to any director and/or officer insurance policy or errors and/or omissions policy.

L.    "Draft" includes, but is not limited to, any preliminary form of any document, or any copy bearing notations, marks, or matter not found on the original of, any document.

M.    "Duplicate" or "copy" means a counterpart or replica produced by the same impression as the original, or from the same matrix, or by means of photography, including enlargements and miniatures, xerography, or comparable process, or by mechanical or electronic re-recording, or by chemical reproduction, or by other equivalent techniques that accurately reproduce the original.

N.    "Fairness Opinion" means a report that evaluates the facts of a merger, acquisition, carve-out, spin-off, buyback, or another type of business purchase, in efforts to provide an opinion about whether or not the proposed sale is fair to the seller or buyer.

O.    "Including" shall be construed to include the phrase "without limitation."

P.    "New Water" means New Water Capital L.P. and its divisions, departments, and other corporate subdivisions, its domestic and foreign subsidiaries and affiliates (specifically including any special purpose vehicles), its predecessors in interest, its present or former officials, executives, officers, partners, directors, employees, agents and all other persons acting or purporting to act on behalf of the entity, its subsidiaries, officers or predecessors, including all past or present employees exercising discretion, making policy, and making decisions or participating in any of the foregoing functions.

Q.       "Original" when referring to a writing or recording means the writing or recording itself or any counterpart intended to have the same effect by a person executing or issuing it.  An "original" of a photograph includes the negative or any print made therefrom.  If data is stored in a computer or similar device, any printout or other output readable by sight, and shown to reflect the data accurately, is an "original."

R.       "Person" means any individual, firm, partnership, limited partnership, joint venture, limited liability company, corporation, d/b/a ("doing business as"), association, company, trust, or any other legal, government or business entity.

S.       "Possession, custody, or control" includes actual possession, but also includes constructive possession, whereby the party to whom this Request is directed has the right to compel the production of a matter or documents from a third party (including an agency, authority, or representative).

T.       "Reasonable Capital Test" means any evaluation of how much surplus capital a company will retain after a leveraged transaction with the goal of determining whether the company can withstand a downturn.

U.       "Refer to," "relate to," "reflect," or "concern" means concerning, referring to, alluding to, responding to, connecting with, commenting on, in respect of, about, regarding, discussing, showing, describing, mentioning, reflecting, analyzing, constituting, evidencing, identifying, or in any way pertinent to that certain subject.

V.       "Sellers" shall have the meaning ascribed to it in that certain Stock Purchase Agreement, dated September 29, 2016, produced by New Water and having the bates labels "NWC-0000369– NWC-0000448."

W.       "Trustee" means Douglas T. Tabachnik, solely in his capacity as the chapter 7 trustee appointed to administer the Debtor's bankruptcy estate in the Chapter 7 Case.

## REQUESTED DOCUMENTS

1.       Any and all financial analyses, business forecasts, and/or other documents concerning the value of the Company.

2.       Any and all Fairness Opinions regarding the 2016 Transaction.

3.       From January 1, 2015, up to and including March 24, 2021, any and all Balance Sheet Tests, Cash Flow Tests, and/or Reasonable Capital Tests concerning the Company.

4.       From January 1, 2015, up to and including March 24, 2021, any and all appraisals of the Company and any and all of its assets.

5.       From January 1, 2015, up to and including March 24, 2021, any and all term sheets, letters of intent, and/or other documents evidencing a "bid" or offer to purchase the business or any part of the Company.

6. Any and all financial analyses, projections, business forecasts, and/or other documents concerning the solvency of the Company following the occurrence of the 2016 Transaction.

7. From January 1, 2015, up to and including March 24, 2021, any and all cash flow statements concerning the Debtor.

8. From January 1, 2015, up to and including March 24, 2021, any and all cash flow statements concerning the Debtor Affiliates.

9. From January 1, 2015, up to and including March 24, 2021, any and all budgets prepared by, on behalf of, or for, the Debtor.

10. From January 1, 2015, up to and including March 24, 2021, any and all budgets prepared by, on behalf of, or for, the Debtor Affiliates.

11. From January 1, 2015, up to and including March 24, 2021, any and all profit and loss statements prepared by, on behalf of, or for, the Debtor Affiliates.

12. From January 1, 2015, up to and including March 24, 2021, any and all profit and loss statements prepared by, on behalf of, or for, the Debtor.

13. Copies of all D&O Policies, from January 1, 2015, up to and including the present, in which the Debtor's name appears.

14. Copies of all D&O Policies, from January 1, 2015, up to and including the present, in which the names of one or more of the Debtor Affiliates appears.

Dated:  February 17, 2023

**GOLDSTEIN & MCCLINTOCK LLLP**

*/s/  Daniel C. Curth*

Harley J. Goldstein, Esq.
Daniel C. Curth, Esq.
Amrit S. Kapai, Esq.
Steven Yachik, Esq.
111 W Washington Street, Suite 1221
Chicago, IL 60602
Telephone: (312) 337-7700
Email:  harleyg@goldmclaw.com
         danc@goldmclaw.com
         amritk@goldmclaw.com
         steveny@goldmclaw.com

*Counsel for the Chapter 7 Trustee*